KILLIAN *v.* STATE.

Opinion delivered September 28, 1931.

*Northcutt & Northcutt,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

KIRBY, J., (after stating the facts). It is first urged that the court erred in allowing Dr. Smith to testify that in his opinion the wound inflicted on the marshal would have proved fatal if he had not received immediate treatment and the portion of the skull lifted from the brain. There was no error in the admission of the testimony as to the nature and extent of the wound inflicted for the consideration of the jury in determining the intent of the person committing the assault and the degree of the offense. Underhill, Criminal Evidence, 3d ed., § 540.

Neither did the court err in excluding the testimony relative to the indictment of Homer Scott for the offense for the commission of which appellant was on trial. There was no offer to introduce any testimony tending to show that Scott was the guilty person, but only that he had been charged as being such.

The instructions complained of, though erroneous, could not have been prejudicial, since, notwithstanding the jury was told that it would be possible for it, under the testimony, to find the defendant not guilty of the crime of assault with intent to kill and find him guilty of aggravated assault, the suggestion, if it amounted to such, was disregarded, and the appellant found guilty of assault with intent to kill. The instruction was not aptly worded, but the majority is of opinion, in which the writer does not concur, that it did not indicate the court's opinion, under the testimony, nor amount to a suggestion of the opinion of the court on the degree of importance to be attached to the testimony or an opinion of the court about the weight and sufficiency of the evidence.

Although the defendant denies that he threw the stone or struck the marshal and attempted to show that another had been indicted for the offense, there was some testimony that he did throw it, and the jury found it to be a fact, and there were no circumstances of mitigation, justification or excuse shown, and the law implies malice. If death had resulted it would have at least constituted murder in the second degree, and the testimony is sufficient to sustain the conviction of assault with intent to kill. *Turner* v. *State,* 175 Ark. 232, 298 S. W. 1028; *Cheeks* v. *State,* 169 Ark. 1192, 278 S. W. 10.

We find no prejudicial error in the record, and the judgment is affirmed.

BUTLER, J., dissents.