JOHN H. POINTER, JR. *v.* STATE OF ARKANSAS

5462                                              454 S. W. 2d 91

Opinion delivered May 11, 1970

[Rehearing denied June 15, 1970.]

*Bart G. Mullis,* for appellant.

*Joe Purcell,* Attorney General; *Mike Wilson,* Asst. Atty. Gen. for appellee.

J. FRED JONES, Justice. John H. Pointer, Jr. was appointed City Collector of Pine Bluff and took office on June 15, 1965. On July 9, 1969, he was tried before a jury and convicted of embezzlement in the Jefferson County Circuit Court. He was sentenced to five years in the Arkansas Penitentiary and on appeal to this court he relies on the following points for reversal:

"The trial court erred in refusing to allow the defense the right to audit or examine the books and records of the City Collector's office for a period of time prior to the time that the defendant took office.

The trial court erred when it allowed the plaintiff to introduce testimony concerning funds that were allegedly missing in the year 1965.

The trial court erred when it failed and refused to strike and quash the panel of jurors and to order preparation of a new jury list, fairly and properly chosen.

The court erred when it allowed the plaintiff to bolster its case in chief by use of rebuttal.

The court erred when it allowed a layman to identify the defendant's handwriting."

The appellant does not question the sufficiency of the evidence so we shall not elaborate thereon. The proof was directed to the embezzlement of $32,473 in city funds, through the simple but crude process of holding in reserve an ample supply of checks sent to the city in payment of accounts, such as occupation tax, and then depositing to the city's bank account sufficient amounts in checks to equal the amounts of cash embezzled. Two sets of receipt books were used in an effort to allay, or at least delay, suspicion.

In treating the points raised by the appellant in the order presented, we find no merit in any of them. The appellant's first point is without merit because the appellant's rights were not prejudiced by the trial court's ruling. The books and records of the city collector's office are public records, and these records were at all times available to the appellant by virtue of the Freedom of Information Act, Ark. Stat. Ann. §§ 12-2801—12-2807 (Repl. 1968).

The appellant's second point is without merit because the testimony concerning funds that were allegedly missing during the year 1965 pertained to the latter part of 1965. The trial court correctly ruled that any proof of appellant's embezzlement in the last three years prior to the indictment on July 10, 1968, was admissible under the three year statute of limitations, Ark. Stat. Ann. § 43-1602 (Repl. 1964).

The appellant's third point is also without merit. We have heretofore held that an accused does not have the right to have a jury of his choice from the panel selected by the jury commissioners, *Stout* v. *State*, 247 Ark., 448, S. W. 2d 636. We now hold that an

accused in Arkansas has never been entitled to have the jury commissioners select jurors in such manner as to assure the accused of a jury from his own ethnic group or from his own occupation. We again state, as we did in *Stout,* that an accused only has the right to a competent, fair and impartial jury. When the jury was selected for appellant's trial in the case at bar, the jury commission system was the method employed for selecting juries in Arkansas, and we refuse to hold, as the appellant seems to urge, that the jury selection statutes, Ark. Stat. Ann. §§ 39-201—39-231 (Repl. 1962), are ipso facto unconstitutional in preventing a representative cross section of the community from being placed on the jury rolls, and actually causing jurors to be placed on the jury rolls who reflect the personalities of the jury commissioners.

The Alabama jury selection statute is similar to the Arkansas statutes under attack here, and in *Carter v. Jury Comm'n of Greene County,* 90 S. Ct. 518, 24 L. Ed. 2d 549, the constitutionality of the jury commission system for selecting juries was upheld even though the jury rolls reflected the personaltties of the jury commissioners. In *Carter* the court said:

". . . Despite the overwhelming proof the appellants have adduced in support of their claim that the jury clerk and commissioners have abused the discretion that Alabama law confers on them in the preparation of the jury roll, we cannot say that § 21 is necessarily and under all circumstances invalid. * * * The federal courts are not incompetent to fashion detailed and stringent injunctive relief that will remedy any discriminatory application of the statute at the hands of the officials empowered to administer it. In sum, we cannot conclude, even on so compelling a record as that before us, that the guarantees of the Constitution can be secured only by the total invalidation of the challenged provisions of § 21."

The appellant's fourth point is likewise without

merit. The order in which the state and the defense is to offer its evidence is provided by statute and under Ark. Stat. Ann. § 43-2114 (Repl. 1964) rebutting evidence is provided for as follows:

"The parties may then respectively offer rebutting evidence only, unless the court for good reason, in furtherance of justice, permit them to offer evidence upon their original case."

It is within the sound discretion of the trial court to allow the state to introduce, in rebuttal, testimony which might properly have been introduced in chief. *Walker* v. *State*, 100 Ark. 180, 139 S. W. 1139; *Bobo* v. *State*, 179 Ark. 207, 14 S. W. 2d 1115. In the case at bar the witness for the state simply restated in rebuttal testimony some of his direct testimony in answering or refuting the appellant's explanations of certain events brought out on direct examination of the appellant. The record before us does not disclose that the trial court abused its discretion.

As his fifth and final point, the appellant argues that the trial court erred in admitting the testimony of a layman in identifying the appellant's handwriting. A similar point was before this court in the case of *Redd* v. *State*, 65 Ark. 475, 47 S. W. 119, and in that case no error was found in the trial court permitting a lay witness to testify that he saw a plat introduced on a former trial, and that the handwriting on said plat was similar to the handwriting of Redd, and that he thought it was Redd's handwriting. The witness had seen and read one letter which Redd admitted he wrote.

In the case at bar the testimony to which the appellant objected, was the testimony of Mrs. Jones and Mrs. Malone, both of whom worked in the same office with the appellant. Unlike the witness in the *Redd* case, Mrs. Jones had worked in the same office with the appellant since the appellant had been City Collector, and Mrs. Malone had so worked for more than three

years. Mrs. Jones and Mrs. Malone were thoroughly familiar with the appellant's handwriting.

The judgment of the trial court is affirmed.

HARRIS, C. J., not participating.