Ronnie Lee BIRCHETT *v*. STATE of Arkansas

CR 85-210                                                 708 S.W.2d 625

Supreme Court of Arkansas
Opinion delivered May 5, 1986

*William C. McArthur*, was appellant.

*Steve Clark*, Att'y Gen., by: *Joel O. Huggins*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. On the evening of August 13, 1984 a man wearing a nylon stocking mask and carrying an automatic pistol entered a trailer owned by Thurl Harper where Harper and his employee, Gary Don Mason, were watching television. They were robbed of $2,300 in cash, wrist watches and a masonic ring containing a large diamond, and were struck several times with the pistol when they were slow to obey orders. When nearby employees responded to Harper's cries for help, the robber fired at them as he fled to a waiting automobile.

Harper's own investigation led to the name of Ronnie

Birchett and Harper gave that information to the police. When Harper and Mason were shown a photograph of Birchett they identified him as the gunman. In trial they were positive Ronnie Birchett was the man who robbed them. Birchett was convicted of aggravated robbery, theft of property, aggravated assault and felon in possession of firearms. He appeals from a sentence of thirty-four years.

Appellant's main argument is the trial court erred in allowing the state to call a witness in rebuttal whose name had not been given the defense under a discovery motion. Appellant urges that the witness was not a proper rebuttal witness. We sustain the argument.

When the state rested its case, based largely on the identification by the victims, Birchett took the stand in his own behalf. On cross-examination the prosecution elicited denials from Birchett that he had discussed the robbery with a former girlfriend, Pamela Goodrich, or that he had shown her a watch and ring taken in the robbery. In rebuttal the state called Pamela Goodrich to testify that Birchett had told her about the robbery, had given her $300 from the money and had shown her a watch and diamond ring matching the description of items taken from Harper. Appellant objected to this witness as not being a proper rebuttal witness and because her name had not been given the defense as requested under A.R.Cr.P. Rule 17.1. The prosecutor's argument that Goodrich was a rebuttal witness and therefore not subject to discovery was sustained by the court.

■ The prosecutor's contention that he did not know about Pamela Goodrich until the morning of trial is of no great importance. The police had had a statement from Pamela Goodrich for perhaps a month prior to trial, and the statement may even have been taken by a deputy prosecutor. In any event, under our cases the knowledge by the police that Pamela Goodrich had material information about the crime is imputed to the prosecutor's office. *Lewis* v. *State*, 286 Ark. 372, 688 S.W.2d 269 (1985); *Dupree* v. *State*, 271 Ark. 50, 607 S.W.2d 356 (1980). The issue then is whether the trial court was correct in finding Goodrich to have been a rebuttal witness and, as such, not subject to disclosure under discovery.

■■ If a witness is proper for the state's case in chief, the

prosecution is required to notify the defendant of the name and address of that witness upon timely request. A.R.Cr.P. 17.1(a)(i). If a witness is a genuine rebuttal witness there is no such requirement. *Parker* v. *State*, 268 Ark. 441, 597 S.W.2d 586 (1980).

■ While we have said it is in the sound discretion of the trial court to allow rebuttal testimony which might have been properly introduced in the state's case in chief, *Kellensworth* v. *State*, 275 Ark. 252, 631 S.W.2d 1 (1982); *Pointer* v. *State*, 248 Ark. 710, 454 S.W.2d 91 (1970); *Bobo* v. *State*, 179 Ark. 207, 14 S.W.2d 1115 (1929); *Adams* v. *State*, 173 Ark. 713, 293 S.W. 19 (1927), we have an additional consideration before us when we take into account the requirements of Rule 17.1. If the witness is not a true rebuttal witness, the prosecution must comply with Rule 17.1 by notifying the defense that such witness will be called.

■ It is evident Pamela Goodrich was not a true rebuttal witness. Her testimony was not merely in response to evidence presented by the defense. See *Parker, supra*. Rather, this appears to be an instance of a witness who could have been presented in the state's case in chief being withheld until rebuttal. Her testimony impeached responses drawn from the appellant during his cross-examination. The questions asked of appellant during cross seem clearly designed to manufacture a rebuttal situation for a presentation of the state's evidence that belonged in its case in chief—evidence that was not genuinely in response to anything presented by appellant in his defense. Under these circumstances, the witness should not have been granted rebuttal status. While we do not intend by this opinion to abrogate the discretion of the trial court in deciding whether the testimony is rebuttal testimony, that discretion can not be exercised so as to undermine the purposes of Rule 17.1, which is to give the defendant adequate notice of the witnesses to be called against him in the state's efforts to present its case.

■ A similar situation was addressed in *State* v. *Manus*, 93 N.M. 95, 597 P.2d 280 (1979). The court first held that a true rebuttal witness did not come within the requirement of witness notification to the defendant. The court went on to discuss the issue of what was "true rebuttal" testimony.

Genuine rebuttal evidence is not simply a reiteration of evidence in chief but consists of evidence *offered in reply to new matters*. The plaintiff, therefore, is not allowed to withhold substantial evidence supporting any of the issues which it has the burden of proving in its case in chief merely in order to present this evidence cumulatively at the end of defendant's case. Ascertaining whether the rebuttal evidence is in reply to new matters established by the defense, however, is a difficult matter at times. Frequently true rebuttal evidence will, in some degree, overlap or coalesce with the evidence in chief. Therefore, the question of admissibility of evidence on rebuttal rests largely on the trial court's discretion. Citing, *State* v. *White*, 74 Wash.2d 386, 444 P.2d 661 (1968).

The appellant in *Manus* was faced with the same situation as this appellant. The prosecution had elicited responses from him during cross-examination on two seemingly irrelevant questions. The state then brought in a surprise witness for rebuttal, to impeach the appellant's responses. The witness's testimony was not truly in rebuttal of anything the appellant had presented in his defense, and this witness too should have been presented in the state's case in chief. The court noted:

A criminal trial, like its civil counterpart, is a quest for truth. That quest will more often be successful if both sides have an equal opportunity to interview the persons who have the information from which the truth may be determined. The current tendency in the criminal law is in the direction of discovery of the facts before trial and elimination of surprise at trial. *Gregory* v. *United States*, 125 U.S. App. D.C. 140, 369 F.2d 185 (1966). . . In a criminal case, the district attorney should not hesitate to show his entire file to the defendant. It is not the primary duty of the district attorney to convict a defendant. It is his primary duty to see that the defendant has a fair trial, that justice be done.

We note that if the state had unexpectedly found itself with a witness for its case in chief after it had rested, the court could have granted a motion to allow the state to re-open its case and present new evidence. Ark. Stat. Ann. § 43-2114; *Lacy* v.

*State*, 240 Ark. 84, 398 S.W.2d 508 (1966). The defense could then make the proper requests for the opportunity to meet the exigencies of the surprise witness. See, *Lewis* v. *State, supra.*

This case is distinguishable from *Vasquez* v. *State*, 287 Ark. 468, 702 S.W.2d 411 (1985). In *Vasquez*, the nature of the rebuttal witness's testimony may well have precluded the state from calling her for its case in chief, on grounds of relevancy, until after the defense had presented its case. Here, the state clearly could have called the witness in its case in chief. The status of the witness in *Vasquez* was borderline and properly left to the discretion of the trial court.

Another point of error concerns an allegation of prosecutorial misconduct, claiming that at some point in the trial, a deputy prosecutor silently mouthed a phrase prejudicial to the defense. A motion for a mistrial was denied by the court with the comment that he had not seen nor heard the act complained of. The argument is rendered moot by this reversal and could not be expected to occur again.

Appellant also claims the evidence was insufficient to support the verdict. Although we reverse and remand this case on another issue, we must still review appellant's challenge to the sufficiency question, and in doing so we disregard other trial errors. See *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984); *Maples* v. *State*, 16 Ark. App. 175 (1985). In reviewing the sufficiency we view the evidence in the light most favorable to the appellee and affirm if there is any substantial evidence to support the verdict. The state presented two eyewitness victims of the crime who positively identified appellant. Additionally, Pamela Goodrich corroborated the testimony of the two victims. This evidence is of sufficient force and character to compel a reasonable mind to reach a conclusion and pass beyond suspicion or conjecture. *Glisson* v. *State*, 286 Ark. 329, 692 S.W.2d 227 (1985).

Reversed and remanded.

PURTLE, J., not participating.