James E. GREEN, Appellant,

v.

Larry W. NORRIS, Acting Director,
Arkansas Department of
Correction, Appellee.

No. 93–1678.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 10, 1993.

Decided Dec. 29, 1993.

C. Kent Jolliff, Little Rock, AR, argued, for appellant.

Kyle R. Wilson, Asst. Atty. Gen., Little Rock, AR, argued, for appellee.

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

James Green, an Arkansas inmate, appeals the magistrate judge's[1] denial of his 28 U.S.C. § 2254 habeas petition. We affirm.

Green was charged with capital murder and attempted capital murder in Arkansas state court. The jury convicted Green of negligent homicide and attempted second-degree murder, and Green was sentenced to six years of imprisonment. Green moved for a new trial, alleging ineffective assistance of trial counsel. After an evidentiary hearing, the court denied his motion for a new trial.

Green appealed his conviction and the denial of his motion for a new trial, arguing, among other things, that the trial court erred in permitting the State to call Brett Ware as a rebuttal witness. *Green v. State,* 1992 WL 292545 (Ark.Ct.App. Oct. 7, 1992). The Arkansas appellate court did not reach the merits of this issue because Green's attorney did not object to Ware's testimony at trial. *Id.* Green also argued that trial counsel was ineffective for failing to object. The appellate court determined it was not clear that the trial court would have been obliged to prohibit Brett's testimony under *Birchett v. State,* 289 Ark. 16, 708 S.W.2d 625 (1986), it did not appear the State had tried to manufacture a rebuttal situation, Brett's testimony was corroborative and cumulative, and Green did not show that counsel's failure to object deprived him of a fair trial.

Green filed this habeas petition pro se, claiming many errors that were not raised in state court. Pertinent to this appeal are his claims that his trial counsel was not adequately prepared and that the "prosecutor unconstitutionally failed to disclose evidence favorable to the defense" because the trial court improperly allowed Brett to testify. The State claimed Green had procedurally defaulted his claims, and the magistrate judge ordered him to show cause. In response, Green claimed his ineffective counsel at each stage of the process "caused" his procedural default.

The magistrate judge dismissed the petition because Green did not adequately pursue most of his grounds in state court and Green's claims lacked merit. Noting Green alleged ineffective assistance of counsel in his explanatory pleading to show cause, the court stated that the only claims of ineffective assistance Green had pursued in state court were that his trial attorney failed to object to Brett's testimony and failed to renew his motion for acquittal at the close of the case. The court agreed those claims lacked merit for the reasons given by the Arkansas Court of Appeals, and therefore, they were also insufficient to establish cause.

Counseled on appeal, Green argues only that he was denied his right to a fair trial when the trial court permitted the State to call Brett on rebuttal and that his trial coun-

---

1. The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

sel was ineffective for failing to object to Brett's testimony.

 Raising a habeas claim for the first time on appeal constitutes an abuse of the writ unless a petitioner can show a "good enough reason" why the issue was not presented before. *Kennedy v. Delo*, 959 F.2d 112, 117 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 168, 121 L.Ed.2d 116 (1992). Because Green did not bring in his habeas petition his claim that the trial court erred in permitting the State to call Brett on rebuttal, he has abused the writ. In any event, this claim is foreclosed because the state appellate court refused to address the merits based on counsel's failure to object at trial. *See Coleman v. Thompson,* —— U.S. ——, ——–——, 111 S.Ct. 2546, 2553–55, 115 L.Ed.2d 640 (1991).

We will address Green's claim that his counsel was ineffective in failing to renew his objection to Brett's testimony, given that both the magistrate judge and the state appellate court reached the merits of this issue. *See Wallace v. Lockhart,* 701 F.2d 719, 727 (8th Cir.) (pro se pleadings should be liberally construed), *cert. denied,* 464 U.S. 934, 104 S.Ct. 340, 78 L.Ed.2d 308 (1983). Counsel is ineffective if " 'representation fell below an objective standard of reasonableness' " and " 'there is a reasonable probability that, but for counsel['s] unprofessional errors, the result of the proceeding would have been different.' " *Whitmore v. Lockhart,* 8 F.3d 614, 617 (8th Cir.1993) (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984)). Ineffective assistance claims must entail both deficient performance and prejudice. *Whitmore,* 8 F.3d at 617 (citing *Lockhart v. Fretwell,* —— U.S. ——, ——, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993).

 Here, the state appellate court concluded that counsel was not ineffective in failing to object to Brett's testimony because under state law it was not clear that the trial court would have been forced to prohibit the testimony, and because the testimony was cumulative. We are bound by the state court's interpretation of state law, *see Williamson v. Jones,* 936 F.2d 1000, 1004 (8th Cir.1991), *cert. denied,* —— U.S. ——, 112

S.Ct. 901, 116 L.Ed.2d 802 (1992), and we believe the appellate court's conclusion that Brett's testimony was merely cumulative and corroborative is fairly supported by the record. *See Wainright v. Goode,* 464 U.S. 78, 85, 104 S.Ct. 378, 382, 78 L.Ed.2d 187 (1983) (per curiam). Furthermore, we believe that if Green's trial counsel had objected when the state called Brett as a rebuttal witness, that objection would have been overruled because the state called Brett as a "true rebuttal witness." *See Birchett,* 708 S.W.2d at 626. The transcript of Brett's direct examination on rebuttal shows that the state called Brett to contradict Green's testimony that Brett was not present in the living room on the night of Green's crime. In any event, Brett's testimony did not render the trial fundamentally unfair or unreliable. *See Fretwell,* —— U.S. at ——, 113 S.Ct. at 842. Thus, Green has failed to establish ineffective assistance of counsel.

Accordingly, we affirm the judgment of the district court.