Pierre WEAVER *v.* STATE of Arkansas

CA CR 96-360                                                939 S.W.2d 316

Court of Appeals of Arkansas
Division I
Opinion delivered February 26, 1997

[Petition for rehearing denied March 26, 1997.]

*James R. Marschewski*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

TERRY CRABTREE, Judge. Appellant was convicted of exposing another to human immunodeficiency virus (HIV) in violation of Ark. Code Ann. § 5-14-123 (Repl. 1993) and was sentenced to thirty years in the Arkansas Department of Correction. He asserts three issues on appeal, contending that the trial

court erred by allowing the State to introduce evidence that the victim had tested positive for HIV; that the trial court erred in limiting his cross-examination of the victim regarding other sexual contacts; and that the trial court erred in allowing certain rebuttal testimony. We affirm.

On August 13, 1993, appellant was listed as a contact for HIV and was tested for the virus at the Sebastian County Health Department at the request of Gary Wicke, an investigator for the Health Department. The test returned positive for HIV, and appellant was notified on August 26, 1993. Wicke advised appellant that according to Arkansas law, if he chose to have sexual intercourse, he must first inform his partner that he was HIV positive. Appellant wanted another test, and the Health Department tested him again that day. The results of the second test were also positive.

Appellant's first assignment of error is that the trial court erred by allowing the State to introduce evidence that the victim was HIV positive. Appellant argues that the evidence was irrelevant and that its prejudicial value outweighed any possible probative value. However, appellant, who was acting *pro se* during this part of the trial, failed to preserve this point for appeal. At trial, appellant objected when the State began to question the witness who had participated in testing the victim for HIV as to the results of the victim's test. The following occurred:

Mr. Weaver:  I object.

Mr. Tabor:  — the September of 1994.

Mr. Weaver:  I object.

The Court:  Overruled.

Mr. Weaver:  Do I need to state the basis why, sir?

The Court:  Yes, sir. State it.

Mr. Weaver:  Okay. Your Honor, we contend that the aspects that [the victim] is HIV positive

Mr. Tabor:  I'm sorry?

The Court:  Well, I don't know what his objection is, really.

> Mr. Weaver:    We contend that that the fact that [the victim] is positive, she's been exposed, this is not infection as been exposed, and that test result indicates that she is positive. This is no exposure.
>
> The Court:    Objection is overruled.

This court will not consider arguments that are raised for the first time on appeal. *Nix v. State*, 54 Ark. App. 302, 925 S.W.2d 802 (1996). "[T]o be preserved on appeal, an objection must be made to the trial court with sufficient clarity that the trial court has a fair opportunity to discern and consider the argument." *Abernathy v. State*, 278 Ark. 250, 251, 644 S.W.2d 590, 591 (1983) (citations omitted). Appellant did not make clear to the trial court the basis for his objection to the evidence that the victim was HIV positive. The arguments that appellant raises on appeal, that the evidence was irrelevant and unfairly prejudicial, are not deducible from the above-quoted objection. Therefore, the trial court did not have "a fair opportunity to discern and consider the argument," *Abernathy, supra*, and we will not consider it on appeal.

For his second assignment of error, appellant contends that the trial court erred in limiting his cross-examination of the victim regarding other sexual partners. Appellant argues that the State opened the door to evidence of other sources from which the victim could have contracted the virus by presenting the testimony that the victim was HIV positive. In *Zinger v. State*, 313 Ark. 70, 852 S.W.2d 320 (1993), the supreme court rejected the appellant's argument that the trial court should have allowed evidence of a similar murder to show that the same person could have committed the murder of which the appellants were accused. The court stated:

> To address this issue, we must consider under what circumstances evidence incriminating others is relevant to prove a defendant did not commit the crime charged. In *Killian v. State*, 184 Ark. 239, 42 S.W.2d 12 (1931), and *West v. State*, 255 Ark. 668, 501 S.W.2d 771 (1973), the defendants attempted to introduce testimony that other parties had been charged with the offense for which they were being tried. In each case, we upheld

the Trial Court's refusal to allow the testimony because there was no evidence showing the other party was guilty.

Addressing this precise issue, the Supreme Court of North Carolina stated:

> A defendant may introduce evidence tending to show that someone other than the defendant committed the crime charged, but such evidence is inadmissible unless it points directly to the guilt of the third party. Evidence which does no more than create an inference or conjecture as to another's guilt is inadmissible.

*State v. Wilson*, 367 S.E.2d 589 (N.C. 1988). The Supreme Court of California has recognized that a defendant has the right to present evidence of third party culpability but stated:

> [T]he rule does not require that any evidence, however remote, must be admitted to show a third party's possible culpability . . . [E]vidence of mere motive or opportunity to commit the crime in another person, without more, will not suffice to raise a reasonable doubt about a defendant's guilt: there must be direct or circumstantial evidence linking the third person to the actual perpetration of the crime.

*People v. Kaurish*, 802 P.2d 278 (Cal. 1990).

*Id.* at 75-76, 852 S.W.2d at 323.

█ The number of sexual partners of the victim would only be relevant if appellant could show that one or more had HIV and that the victim was exposed to it through them or that the victim knew they had HIV and disregarded the dangers associated with having sexual intercourse with them. However, appellant did not proffer any evidence that the suspected sexual partners of the victim did have the virus or that the victim contracted the virus by anything other than the relationship she had with appellant. The nexus linking the third parties with the elements of the offense was lacking. Therefore, the trial court properly refused to allow appellant to ask questions concerning the victim's past sexual encounters.

For his last assertion of error, appellant contends the trial court erred by admitting the rebuttal testimony of Gary Wicke, the investigator for the Sebastian County Health Department. At

the close of appellant's case, in which appellant testified that he told the victim that he was HIV positive prior to having sexual intercourse with her, the State informed the trial court that it wished to recall Gary Wicke to testify that appellant had stated to him that if he was truly positive, he would give HIV to everyone he could. The State explained that it had just learned of the statement by appellant and did not use the statement in its case-in-chief because it had not provided it to appellant in discovery. The State contended that the testimony became relevant after appellant testified that he told the victim he had tested positive for HIV and that the testimony of Gary Wicke would refute his testimony.

The trial court did not err in admitting the testimony of Gary Wicke as rebuttal testimony. The prosecuting attorney is required, upon a timely request, to disclose to a defendant all statements made by the defendant of which the prosecuting attorney has knowledge. Ark. R. Crim. P. 17.1(a)(ii). However, the State need not disclose true rebuttal evidence. *Pyle v. State*, 314 Ark. 165, 862 S.W.2d 823 (1993). In *Pyle*, the supreme court explained rebuttal evidence:

> The answer lies in whether Heflin was properly a rebuttal witness. If so, the state was not required to disclose him before trial. *Asher v. State*, 303 Ark. 202, 795 S.W.2d 350 (1990); *Weaver v. State*, 290 Ark. 556, 720 S.W.2d 905 (1986). Also, the scope of his testimony in that event is given wide latitude, and it will not be restricted merely because it could have been presented on direct. *Birchett v. State*, 289 Ark. 16, 708 S.W.2d 625 (1986).
>
> The definition of rebuttal evidence found in *Birchett v. State* is instructive. We wrote that genuine rebuttal evidence "consists of evidence offered in reply to new matters." *Id.* at 20. We said that evidence can still be categorized as genuine rebuttal evidence even if it overlaps with the evidence in chief. However, the evidence must be responsive to that which is presented by the defense. *Id.* at 19.

*Id.* at 178-79, 862 S.W.2d at 830.

Gary Wicke's testimony was offered to rebut the testimony of appellant that he had told the victim that he had tested positive for HIV. Gary Wicke's testimony went to the intent of appellant not to tell anyone that he had the virus in order to

expose them to it. It was proper rebuttal testimony and admissible.

Affirmed.

PITTMAN and ROGERS, JJ., agree.