David R. DeGRACIA *v.* STATE of Arkansas

CR 94-1414            906 S.W.2d 278

Supreme Court of Arkansas
Opinion delivered September 18, 1995

*George J. Stone*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, David R. DeGracia, shot and killed Chris Middleton after an argument at the home of Steven and Penny Vanderpool. He was convicted of first degree murder and sentenced to life imprisonment. Mr. DeGracia, Mr. Middleton, and Mr. Middleton's eleven-year-old daughter Ginger were guests of the Vanderpools at a belated Christmas

dinner on December 28, 1993, when the shooting occurred. We need not recite the facts in detail, as no question is raised with respect to the sufficiency of the evidence.

Ginger Middleton, who saw the shooting, was to be a witness. Along with other witnesses, she had been excluded from the courtroom pursuant to Ark. R. Evid. 615. Mr. DeGracia contends the Trial Court erred by permitting her to testify despite evidence that she had been informed of the testimony of preceding witnesses. He also argues that the testimony of a psychologist, Dr. Adam Brazas, was improperly limited so as to prevent Dr. Brazas from testifying whether Mr. DeGracia purposefully killed Mr. Middleton. We affirm the judgment.

### 1. Rule 615

Rule 615 provides for exclusion of witnesses from a trial at the request of a party. The Rule was invoked. Mr. DeGracia contends, the Trial Court abused his discretion by refusing to suppress the testimony of Ginger Middleton. or alternatively, by refusing to admonish the jury to disregard the testimony. He attempted to prove that Ginger Middleton was informed by her grandmother, Dorothy Middleton, of the testimony of Mr. and Mrs. Vanderpool who preceded her as witnesses.

Mr. DeGracia's objection was overruled. Ginger Middleton testified about the shooting and when asked about whether she had been told by her grandmother of prior testimony, she said her grandmother had only told her to be strong and tell the truth. The objection was raised again and overruled. The Trial Court later heard testimony from two witnesses concerning the objection. Mr. DeGracia's mother, Luisa DeGracia Hernandez, testified that she heard Ginger's grandmother, Dorothy Middleton, telling Ginger about the testimony of other witnesses. Ms. Hernandez, however, was unable to give any specific information about what she had heard. Dorothy Middleton testified that she had told Ginger Middleton only to be calm and tell the truth.

██ There are three methods of enforcement of a Rule 615 exclusion order: (1) citing the witness for contempt; (2) permitting comment on the witness's noncompliance in order to reflect on his credibility; and (3) refusing to let the witness testify. *Swanigan* v. *State*, 316 Ark. 16, 870 S.W.2d 712 (1994);

*Blaylock* v. *Strecker*, 291 Ark. 340, 724 S.W.2d 470 (1987). The Trial Court questioned Ms. Hernandez's credibility. He made it clear he did not believe her and stated that he knew of no authority requiring him to throw out the testimony of a witness in the circumstances presented. We cannot say his decision was erroneous.

### 2. Expert testimony

Mr. DeGracia also contends the Trial Court abused his discretion when he refused to allow Dr. Brazas to give his opinion on whether Mr. DeGracia had the purpose to kill when he shot Mr. Middleton. Mr. DeGracia argues the opinion evidence was proper and should have been admitted pursuant to Ark. R. Evid. 704. Rule 704 provides, "Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."

A similar issue arose in *Stewart* v. *State*, 316 Ark. 153, 870 S.W.2d 752 (1994). We said expert testimony of a psychologist and that of a psychiatrist could be admitted with respect to the question whether a criminal defendant could conform his conduct to the requirements of the law and the question whether or not he was insane. We held, however, that Rule 704 does not permit expert opinion on whether one had the intent required to be found guilty of murder. The basis of our holding was that Rule 704 requires that expert opinion of the sort that "embraces an ultimate issue" must be "otherwise admissible." To be otherwise admissible the evidence, according to Ark. R. Evid. 403, must be helpful to the jury and not tend to be confusing. We said in the *Stewart* case that the testimony in question was potentially misleading and confusing to the jury.

We can find no significant distinction with respect to this issue between the *Stewart* case and the one now before us, so we cannot hold that the Trial Court abused his discretion in refusing to allow the testimony sought to be presented.

Affirmed.