

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-14-267

| | |
|---|---|
| PATRICIA HAJEK-MCCLURE<br>APPELLANT | **Opinion Delivered:** December 3, 2014 |
| V. | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT<br>[NO.17CR-12-231] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE GARY COTTRELL, JUDGE |
| | AFFIRMED |

## WAYMOND M. BROWN, Judge

On appeal, appellant argues that the circuit court erred by (1) allowing the State's expert witness to testify regarding whether a personality disorder is a mental disease or defect and beyond the scope of rebuttal testimony; (2) denying counsel the ability to inform the jurors of the consequences of a mental disease or defect defense; and (3) limiting appellant's expert witness's testimony to her first report. We affirm.

Appellant shot and killed Sharren Sue Richards at the Welcome Center rest area on Interstate 40 at Van Buren on the morning of May 1, 2012. Charles Scott, a truck driver who was at the rest area, saw Richards putting trash into the back of a city utility truck. Appellant's pickup truck was blocking a rest-area roadway. Scott saw Richards knock on the door of appellant's truck and then put her hands inside appellant's truck. At that point, Scott heard gunfire and saw Richards fall to the ground. He called 911.

SLIP OPINION

At a November 25, 2013 pretrial hearing, appellant moved in limine to exclude Dr. Paul DeYoub's anticipated testimony that personality disorders were not mental diseases; the motion was denied. At the trial by jury on the matter, the shooting was not disputed. However, appellant asserted the affirmative defense of not guilty by mental disease or defect. Appellant moved for a directed verdict at the close of the State's case; it was denied. Appellant renewed her motion in limine; it was again denied. Appellant was convicted of second degree murder and was sentenced to thirty years in the Arkansas Department of Correction. This timely appeal followed.

## I.     *Expert Witness Testimony*

Pursuant to Arkansas Code Annotated section 5-2-312, it is an affirmative defense to a prosecution that at the time the defendant engaged in the conduct charged she lacked capacity as a result of mental disease or defect to conform her conduct to the requirements of law or appreciate the criminality of her conduct.[1] A defendant bears the burden of proving the affirmative defense of mental disease or defect by a preponderance of the evidence.[2] The jury is the sole arbiter of whether or not a defendant has sustained her burden of proving the insanity (or mental disease or defect) defense by a preponderance of the evidence.[3] This court's standard of review of a jury verdict rejecting the defense of

---

[1] *Marcyniuk v. State*, 2010 Ark. 257, at 10, 373 S.W.3d 243, 251 (citing Ark. Code Ann. § 5-2-312(a)(1)(A) & (B)(Repl. 2006)).

[2] *Id.* (citing *Navarro v. State*, 371 Ark. 179, 264 S.W.3d 530 (2007)).

[3] *Davis v. State*, 368 Ark. 401, 406, 246 S.W.3d 862, 867 (2007) (citing *Morgan v. State*, 333 Ark. 294, 971 S.W.2d 219 (1998) (quoting *Davasher v. State*, 308 Ark. 154, 823 S.W.2d 863 (1992)).

mental disease or defect is whether there is any substantial evidence to support the verdict.[4]

Appellant argues that the court erred in permitting Dr. Paul DeYoub to testify regarding whether a personality disorder is a mental disease or defect. Relatedly, appellant argues that the circuit court erred in allowing Dr. DeYoub to testify beyond the scope of Dr. Patricia Walz's testimony during his rebuttal testimony.

### A. Regarding Whether a Personality Disorder is a Mental Disease or Defect

The admission or rejection of testimony is a matter within the circuit court's sound discretion and will not be reversed on appeal absent a manifest abuse of that discretion and a showing of prejudice to the defendant.[5] This high threshold does not simply require error in the trial court's decision but rather that the trial court act improvidently, thoughtlessly, or without due consideration.[6] The general test for admissibility of expert testimony is whether the testimony will aid the trier of fact in understanding the evidence or in determining a fact in issue.[7]

---

[4] *Gwathney v. State*, 2009 Ark. 544, at 3–4, 381 S.W.3d 744, 747 (citing *Navarro v. State*, 371 Ark. 179, 190 264 S.W.3d 530, 538 (2007)).

[5] *Solomon v. State*, 2010 Ark. App. 559, at 9, 379 S.W.3d 489, 494 (citing *Phavixay v. State*, 373 Ark. 168, 282 S.W.3d 795 (2008)).

[6] *Williams v. State*, 374 Ark. 282, 287 S.W.3d 559 (citing *Grant v. State*, 357 Ark. 91, 93, 161 S.W.3d 785, 786 (2004)).

[7] *Strickland v. State*, 2010 Ark. App. 599, at 6, 378 S.W.3d 157, 160-61 (citing Ark. R. Evid. 702 (2010); *Utley v. State*, 308 Ark. 622, 826 S.W.2d 268 (1992); *Stout v. State*, 320 Ark. 552, 898 S.W.2d 457 (1995)).

SLIP OPINION

An important consideration in determining whether the testimony will aid the trier of fact is whether the situation is beyond the ability of the trier of fact to understand and draw its own conclusions.[8] Where the introduction of expert testimony would invade the function of the jury or where it does not help the jury, the testimony is not admissible.[9] Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.[10] To be otherwise admissible, the evidence, according to Arkansas Rule of Evidence 403, must be helpful to the jury and not tend to be confusing.[11] Although opinion testimony on the ultimate issue is admissible, if the opinion mandates a legal conclusion or "tells the jury what to do," the testimony should be excluded.[12]

Appellant's expert witness, Dr. Patricia Walz, testified that at the time of the offense, appellant was suffering from paranoid, schizoid, and schizo-affective personality disorders, all located in the Diagnostic and Statistical Manual of Mental Disorders (DSM–IV), and that appellant's personality disorders would fall under the uncommon "not otherwise specified" category. She opined that she did not think appellant "could have conformed her conduct to the law at the time" of the offense and that she believed

---

[8] *Vance v. State*, 2011 Ark. 243, at 28, 383 S.W.3d 325, 343 (citing *Buford v. State*, 368 Ark. 87, 243 S.W.3d 300 (2006)).

[9] *Id.*

[10] *Clay v. State*, 2009 Ark. App. 740, 361 S.W.3d 286 (citing Ark. R. Evid. 704 (2002).

[11] *Bruner v. State*, 2013 Ark. 68, at 13, 426 S.W.3d 386, 393 (quoting *DeGracia v. State*, 321 Ark. 530, 532, 906 S.W.2d 278, 279 (1995)).

[12] *Simpson*, *supra* (citing *Marts v. State*, 332 Ark. 628, 968 S.W.2d 41 (1998)).

SLIP OPINION

appellant was "suffering from a psychotic break" at the time of the offense. Dr. Walz testified that she believed appellant was "suffering from a mental disease at the time of the shooting."

In rebuttal, the State presented testimony from Dr. DeYoub in which he "concluded that there was no mental disease at the time [of the crime], and [he] referenced that [appellant] had a diagnosis of personality disorder at the time of the offense and opined that [a personality disorder] was not a mental disease." Specifically addressing Dr. Walz's opinion, Dr. DeYoub noted that mental disorders were "always" found under Axis I and that Dr. Walz diagnosed appellant with personality disorder on Axis II. Furthermore, he noted that although one could argue that any diagnosis is a mental disease according to the statute, "no one does as it's not stringent enough." He added that he had "never seen in 15 years of doing the exam and 35 years of practice, anyone saying that a personality disorder as the only diagnosis at the time of the offense, constituted a mental disease."

Dr. Walz opined on whether a personality disorder was a mental disease when she testified that appellant suffered from personality disorders and was suffering from a mental disease at the time of the offense. While arguing that Dr. DeYoub should not have been permitted to testify that a personality disorder was not a mental disease, appellant does not address why Dr. Walz also should not have been permitted to essentially testify that a personality disorder was a mental disease. In any case, it is clear that Dr. DeYoub was not testifying to the ultimate issue to be decided by the trier of fact, namely, whether appellant legally suffered from a mental disease, but to his opinion of what medically constitutes a

mental disease as classified by the DSM-IV. This form of testimony has been previously accepted by our appellate courts.[13] Accordingly, his testimony simply embraced the issue of mental disease from a medical point of view; it did not mandate a legal conclusion. We cannot find that the circuit court abused its discretion in permitting appellant to testify regarding his opinion of whether appellant suffered from a mental disease.[14]

### B. Regarding the Scope of Dr. DeYoub's Rebuttal Testimony

Genuine rebuttal evidence consists of evidence offered in reply to new matters.[15] The evidence must be responsive to that which is presented by the defense.[16] It is within the trial court's discretion whether to admit rebuttal testimony, and the appellate court will not reverse this determination absent an abuse of that discretion.[17]

---

[13] *See Lard v. State*, 2014 Ark. 1, 431 S.W.3d 249 (Our supreme court affirmed where a psychologist and psychiatrist, both testifying for the State, testified that appellant had a diagnosis of antisocial personality disorder and did not have a mental disease or defect); *Lands v. State*, 2012 Ark. App. 616, 424 S.W.3d 390 (This court affirmed where a forensic psychologist testifying for State testified that appellant did not have a mental disease or defect while forensic psychiatrist testifying for appellant testified that appellant was affected by a mental disease).

[14] Furthermore, appellant makes assertions that Dr. DeYoub gave an opinion as to an unnamed Arkansas statute and "told the jury how they should read the statute[,]" but she names no specific statute and provides no citation to any supporting authority. This court will not entertain arguments unsupported by any legal authority. *Strain v. State*, 2012 Ark. 184, at 6, 423 S.W.3d 1, 5.

[15] *Gilliland v. State*, 2010 Ark. 135, at 11, 361 S.W.3d 279, 285 (citing *Pyle v. State*, 314 Ark. 165, 178, 862 S.W.2d 823, 830 (1993) (citing *Birchett v. State*, 289 Ark. 16, 708 S.W.2d 625 (1986)).

[16] *Id*. (citing *Pyle*, 314 Ark. at 178–79, 862 S.W.2d at 830).

[17] *Id*. (citing *Isbell v. State*, 326 Ark. 17, 931 S.W.2d 74 (1996); *Kincannon v. State*, 85 Ark. App. 297, 151 S.W.3d 8 (2004))).

In her brief, appellant argues that Dr. DeYoub's testimony regarding whether a personality disorder was a mental disease or defect was improper because Dr. Walz "was never asked at trial regarding her opinion on personality disorders as mental diseases or defects, nor did she approach that subject in her testimony." However, she admits that Dr. Walz "did opine that [appellant] had a personality disorder and that she suffered from a mental disease or defect, and submitted a report on the same." Dr. Walz's testimony only implied that a personality disorder was a mental disease. However she explicitly states the same in her report. In a section of that report labeled "Opinion on the presence or absence of mental disease or defect at the time of the offense[,]" Dr. Walz made the following statement:

> In my opinion, at the time of the alleged offense, she suffered from a mental disease of personality disorder with paranoid thinking, schizoid personality style, and odd thinking.

Appellant appears to be arguing by implication that Dr. DeYoub's rebuttal testimony should have been limited only to what Dr. Walz testified to and not to what was in her report. We do not agree.

None of the cases cited by appellant are on point.[18] The State points out that Arkansas Code Annotated section 16-89-125(d)(3) states that after the matter is submitted

---

[18] Our supreme court affirmed the circuit court in *Isbell v. State*, 326 Ark. 17, 931 S.W.2d 74 (1996), finding that a surprise rebuttal witness was a proper rebuttal witness where the State disclosed the witness. Our supreme court affirmed the circuit court in *Schalski v. State*, 322 Ark. 63, 907 S.W.2d 693 (1995), finding that a rape victim's testimony identifying the appellant's voice was proper rebuttal testimony after the appellant took the stand and denied committing the rape. Our supreme court affirmed the circuit court in *Landrum v. State*, 320 Ark. 81, 894 S.W.2d 933 (1995), where it dealt with character evidence, finding that appellant had not put his character in issue and that the State was

SLIP OPINION

to the jury, "upon retiring for deliberation, the jury may take with them all papers which have been received as evidence in the cause."[19] Near the close of her testimony, Dr. Walz's January 28, 2013 report was admitted into evidence.

Accordingly, because Dr. Walz opined that a personality disorder was a mental disease in her report and her report was entered into evidence, her opinion, despite being written and not oral, was evidence properly subject to rebuttal. Dr. DeYoub's testimony contradicted Mr. Walz's opinion that a personality disorder is a mental disease. No error occurred, and we affirm on this point.

II.     *Ability to Inform Jurors of the Consequences of Not Guilty by Reason of Mental Disease or Defect Verdict*

For her second point on appeal, appellant argues that the circuit court erred in denying counsel the ability to inform the jury of the consequences of a mental disease or defect defense during voir dire. She asserts that this was unduly restrictive. During voir dire below, appellant responded to the State's objection to appellant's counsel's line of questioning as to the consequences of a not guilty by reason of mental disease or defect verdict. However, appellant never objected to having her questioning limited. Furthermore, she did not object to impaneling the jury, stating that the jury was "good"

---

attempting to impeach him by extrinsic evidence on a collateral matter elicited on cross-examination, which was clearly improper. Our supreme court reversed the circuit court in *Birchett v. State*, 289 Ark. 16, 708 S.W.2d 625 (1986), finding that the rebuttal witness was not a "true rebuttal" witness where her testimony impeached responses drawn from appellant during his cross-examination; the witness should have been presented in the State's case-in-chief. Our supreme court reversed the circuit court in *Anthony v. State*, 332 Ark. 595, 967 S.W.2d 552 (1998), finding that an appellant's testimony from a prior trial was not proper rebuttal testimony because it did not contradict witness testimony or other evidence; it should have been presented during the State's case-in-chief.

[19] (Repl. 2005).

for her. Our supreme court has held that an appellant is procedurally barred from claiming on appeal that the trial court unduly restricted her voir dire questioning when she failed to object to the restriction placed on her questioning and accepted the jury panel as "good."[20] Accordingly, we affirm on this point.

### III. *Limiting Dr. Walz's Testimony to her First Report*

For her final point on appeal, appellant argues that the circuit court erred in limiting appellant's expert witness's testimony to her first report. The State moved in limine to exclude any testimony and evidence relating to appellant's competency to stand trial and her current mental functioning, specifically requesting that Dr. Walz's second report be excluded in its entirety, asserting that it dealt with appellant's ability to assist her attorney in her defense only. The court granted the State's motion.

The decision to admit or exclude evidence is within the sound discretion of the circuit court, and we will not reverse that decision absent a manifest abuse of discretion.[21] The abuse-of-discretion standard is a high threshold that does not simply require error in the circuit court's decision, but requires that the circuit court act improvidently, thoughtlessly, or without due consideration.[22] In addition, we will not reverse a ruling on the admission of evidence absent a showing of prejudice.[23]

---

[20] *Christopher v. State*, 340 Ark. 404, 10 S.W.3d 852 (2000).

[21] *Maiden v. State*, 2014 Ark. 294, at 4, 438 S.W.3d 263, 268 (citing *Laswell v. State*, 2012 Ark. 201, at 17, 404 S.W.3d 818, 828).

[22] *Id.* (citing *Grant v. State*, 357 Ark. 91, 93, 161 S.W.3d 785, 786 (2004)).

[23] *Id.* (citing *Davis v. State*, 350 Ark. 22, 38, 86 S.W.3d 872, 882 (2002)).

While the circuit court granted the State's motion, excluding not only Dr. Walz's second report but also redacting Dr. DeYoub's report regarding appellant's current mental functioning, the court also permitted appellant's counsel to elicit testimony of Dr. Walz's present-sense impression of appellant's current mental state during Dr. Walz's interview of appellant as long as the testimony related back to her condition at the time of the offense. Accordingly, no prejudice is shown. The court did not abuse its discretion.

Affirmed.

WYNNE and GRUBER, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.