



# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-14-1029

| | |
|---|---|
| SAMUEL JEROME HENDERSON<br>APPELLANT | Opinion Delivered JUNE 17, 2015 |
| V. | APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. CR-08-143-4B] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE DON GLOVER, JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## CLIFF HOOFMAN, Judge

Appellant Samuel Jerome Henderson appeals after the Ashley County Circuit Court revoked his probation and sentenced him to serve twenty-four months in a community correction center, followed by a twelve-month suspended imposition of sentence. Appellant's attorney has filed a no-merit brief and a motion to withdraw as counsel pursuant to Arkansas Supreme Court Rule 4-3(k) (2014) and *Anders v. California*, 386 U.S. 738 (1967), asserting that this appeal is wholly without merit. The motion is accompanied by an abstract and addendum of the proceedings below, alleged to include all objections and motions decided adversely to appellant, and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court mailed a copy of counsel's motion and brief to appellant's last known address informing him of his right to file pro se

SLIP OPINION

points for reversal; however, he has not done so.[1]  Consequently, the attorney general has not filed a brief in response.  We grant counsel's motion to withdraw and affirm the revocation.

On February 4, 2009, appellant pleaded guilty to unauthorized use of property to facilitate a crime and was placed on probation for sixty months.  On February 22, 2013, the State filed a revocation petition alleging that appellant had violated the terms and conditions of his probation.  After a hearing on August 28, 2013, the trial court found that appellant had violated the terms and conditions of his probation.  However, in lieu of revoking his probation, the court ordered additional conditions to his probation, including having appellant serve fifteen days in the county jail to be served around work but at least one day for every seven days; prohibiting the use of an automobile for thirty days; drug testing appellant fifteen days afterward and every seven days thereafter until clean and every fifteen days from that point forward; extending appellant's probation for an additional thirty-six weeks; and requiring appellant to complete the eighteen-week drug-counseling program at the probation office.

Subsequently, a second revocation petition was filed on March 12, 2014, alleging that appellant violated condition number six of the terms and conditions of his probation by using alcohol and controlled substances.  An amended revocation petition filed on June 17, 2014, additionally alleged that appellant violated condition number twenty-three by violating additional conditions as imposed by the court.  Specifically, the amended violation report

---

[1] The packet was mailed to appellant by certified mail, and a return receipt indicates that he accepted delivery.

alleged that appellant tested positive for THC on October 15, 2013; November 14, 2013; January 16, 2014; February 13, 2014; and April 17, 2014, and for alcohol on November 14, 2013; January 16, 2014; and February 13, 2014. Furthermore, the report alleged that he served only one day of the fifteen days in jail that were imposed on August 28, 2013.

At the revocation hearing on August 18, 2014, Officer Jacob Hughes testified that he had been supervising appellant during his probation. He explained that appellant tested positive for THC on October 15, 2013; November 14, 2013; January 16, 2014; February 13, 2014; and April 17, 2014, and for alcohol on November 14, 2013; January 16, 2014; and February 13, 2014. Additionally, Officer Hughes testified that despite the court ordering appellant to serve fifteen days in jail as an additional condition of his probation, appellant served only one day. He further recommended that appellant be placed in a community correction center because he believed that appellant would continue to use drugs if released.

Appellant did not dispute that he tested positive for THC and alcohol. Instead, he explained that he was stressed and resorted to using marijuana and alcohol even though he knew he was on probation. He admitted that he needed help but did not believe that jail was appropriate for him. Additionally, he testified that since he had been incarcerated awaiting the revocation hearing, he had learned other ways to cope with his stress. On cross-examination, appellant admitted that he started using marijuana when he was nineteen, and he was twenty-six at the time of the hearing.

After all evidence was presented, appellant's counsel moved for a directed verdict, which was denied. The trial court found that appellant had violated the terms and conditions

of his probation, specifically by continuing to use marijuana and alcohol. He was sentenced to serve twenty-four months in a community correction center, followed by a twelve-month suspended imposition of sentence. This appeal followed.

Appellant's counsel discusses several rulings in his brief; however, only some of the rulings were adverse. Therefore, we address only the adverse rulings. First, appellant objected to the relevancy of the questions posed to Officer Hughes regarding the basis for the first revocation petition that was filed in 2013. Additionally, appellant objected to the State's failure to authenticate the violation report that was read into the record by Officer Hughes and that was the subject of the 2013 revocation proceeding. The trial court overruled both objections, and these adverse rulings do not provide any meritorious grounds for reversal on appeal. The rules of evidence are not strictly applicable in revocation proceedings, including objections based on hearsay and relevancy. *Peals v. State*, 2015 Ark. App. 1, 453 S.W.3d 151; *Flemons v. State*, 2014 Ark. App. 131. However, the right to confront witnesses is applicable in revocation proceedings, and the court must weigh a probationer's right to confront witnesses against the State's reasons for not requiring confrontation. *Stillwell v. State*, 2010 Ark. App. 546. Even assuming that there was any error in overruling appellant's objections, such error would be harmless here because appellant's probation was revoked on another basis, and the State is only required to show that appellant committed one violation in order to sustain a revocation. *Id*.

Next, the trial court overruled an objection to the State questioning Officer Hughes regarding whether there were any other violations mentioned in the 2013 violation report.



However, the adverse ruling became moot after the State withdrew its question and did not elicit any further testimony regarding that subject matter.

Subsequently, appellant objected to the relevancy of the State questioning appellant as to the length of his marijuana usage. Counsel correctly asserts that such information was relevant because it was undisputed that appellant smoked marijuana and that this information pertained to whether appellant could successfully break his habit on his own or needed further judicial intervention.

Finally, the last adverse ruling was the revocation itself after the trial court had denied appellant's motion for a directed verdict, which in a bench trial is properly treated as a motion for dismissal. *Thornton v. State*, 2014 Ark. 157, 433 S.W.3d 216. A motion to dismiss at a bench trial and a motion for a directed verdict at a jury trial are both challenges to the sufficiency of the evidence. *See* Ark. R. Crim. P. 33.1 (2014). In a revocation proceeding, the trial court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, and on appellate review, we do not reverse the trial court's decision unless it is clearly against the preponderance of the evidence. *Flemons v. State*, 2014 Ark. App. 131; Ark. Code Ann. § 16–93–308(d) (Supp. 2013). Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a probation or suspended-sentence revocation. *Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002). Since determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the trial court's superior position. *Id*. Furthermore, the State need

SLIP OPINION

only prove that the appellant committed one violation of the conditions in order to revoke appellant's sentence. *Peals v. State*, 2015 Ark. App. 1, 453 S.W.3d 151.

In this case, the decision to revoke was not clearly against the preponderance of the evidence. Appellant's conditions of probation required that he refrain from using alcohol and controlled substances. It was undisputed at the revocation hearing that appellant had used alcohol and marijuana during the term of his probation. Thus, from our review of the record and the brief presented, we find that counsel has complied with the requirements of Rule 4–3(k) and hold that there is no merit to this appeal. Accordingly, counsel's motion to withdraw is granted and the revocation affirmed.

Affirmed; motion to withdraw granted.

ABRAMSON and GRUBER, JJ., agree.

*Joseph P. Mazzanti III*, for appellant.

No response.