

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–15–562

| | |
|---|---|
| ERICA CRYSTAL VALENCIA<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** March 16, 2016<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NOS. 17CR–2010–409, 17CR–2010–580]<br><br>HONORABLE MICHAEL MEDLOCK, JUDGE<br><br>AFFIRMED AS MODIFIED |

## CLIFF HOOFMAN, Judge

Appellant Erica Valencia appeals after the Crawford County Circuit Court revoked her suspended sentence and sentenced her to serve seventy-two months' imprisonment in case number 17CR–10–409 and forty-eight months' suspended imposition of sentence (SIS) in case number 17CR–10–580, to be served consecutively. On appeal, her sole contention is that the trial court erred in revoking her suspended sentence as there was no valid probationary sentence in place to revoke. We affirm.

On February 23, 2011, appellant pleaded guilty to theft of property in case number 17CR–10–409 and to attempting to obtain a controlled substance by fraud in case number 17CR–10–580. Appellant was placed on thirty-six months' probation and ordered to pay court costs, fees, and restitution in an order filed on March 18, 2011. The State filed a petition to revoke appellant's probation in both cases on December 14, 2011, for failing to abide by the rules and regulations of drug court. In a sentencing order filed on January 11,

SLIP OPINION

2012, the trial court revoked her probation and sentenced her to serve twenty-four months in a community-corrections center followed by ninety-six months' SIS in case number 17CR-10-409 and to serve twenty-four months in a community-corrections center followed by forty-eight months' SIS in case number 17CR-10-580, to be served concurrently. Additionally, appellant was ordered to resume paying her fees and restitution within sixty days after her release.

The State filed a petition to revoke on June 18, 2013, alleging that appellant had failed to make her payments toward her costs, fees, and restitution since December 21, 2011. Appellant pleaded guilty to contempt on September 19, 2013, and the trial court ordered her to perform thirteen days of community service and to resume making her payments toward her costs, fees, and restitution as previously ordered in an order filed on September 27, 2013. The State filed a subsequent petition to revoke appellant's SIS on October 29, 2013, and an amended petition on December 11, 2014, alleging that appellant had failed to abide by the rules and regulations of her community service and that she had failed to make any payments toward her costs, fees, and restitution since January 14, 2014. A revocation hearing was held on April 16, 2015.

At the hearing, Junior Bing, the Community Services Director for Crawford County, testified that appellant was ordered to complete thirteen days of community service. However, on the first day, September 19, 2013, she admitted that she could not pass a drug test and, in fact, tested positive for marijuana. Bing told her to return on October 14, 2013, which she did. Although a schedule was set for her to complete her service, appellant failed

to follow the schedule and tested positive for marijuana, methamphetamine, and amphetamines on October 28, 2013. Bing further explained that appellant did not return after failing her second drug test. Therefore, she failed to complete her community-service requirements as ordered.

Janice Gilbreth, the Victim Witness Coordinator for the Prosecuting Attorney's Office, testified that she maintained the payment files for costs, fines, and restitution. She indicated that appellant's original balance was $2,377.75 and that her balance at the time of the hearing was $1,857.75. However, Gilbreth testified that appellant had stopped making payments and that her last payment had been made on January 14, 2014.

Appellant's counsel moved for a directed verdict. Although counsel acknowledged that appellant was on notice that she was required to pay restitution, counsel argued that Arkansas law required that appellant be served with the terms and conditions of her January 11, 2012 SIS and that the terms-and-conditions document was missing from the clerk's file. The trial court summarily denied appellant's motion and found her in violation because she failed to complete her community service and pay her restitution as ordered. The trial court filed a sentencing order on April 21, 2015, revoking appellant's SIS and sentencing her to serve seventy-two months' imprisonment in case number 17CR–10–409 and forty-eight months' SIS in case number 17CR–10–580, to be served consecutively. This timely appeal followed.

In a revocation proceeding, the trial court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, and on appellate review, we do not reverse the trial court's decision

3

SLIP OPINION

unless it is clearly against the preponderance of the evidence. *Henderson v. State*, 2015 Ark. App. 411, 466 S.W.3d 418. Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a probation or suspended-sentence revocation. *Id.* Since determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the trial court's superior position. *Id.* Furthermore, the State need only prove that the appellant committed one violation of the conditions in order to revoke appellant's sentence. *Id.*

Arkansas Code Annotated section 5-4-303 (Supp. 2015) requires the trial court to give a written statement explicitly setting forth the conditions under which a defendant is being released if it suspends imposition of sentence or places him or her on probation. Courts have no power to imply and subsequently revoke conditions that were not expressly communicated in writing to a defendant as a condition of his or her suspended sentence. *Blankenship v. State*, 2014 Ark. App. 104. However, there is no corollary requirement that the defendant sign a written acknowledgment when he or she receives the written statement or that one be introduced at a revocation hearing. *Johnson v. State*, 2014 Ark. App. 606, 447 S.W.3d 143. Whether there is proof that a probationer received written conditions of probation is a procedural matter, and not one of the sufficiency of the evidence. *Costes v. State*, 103 Ark. App. 171, 287 S.W.3d 639 (2008).

Appellant argues that the trial court erred in revoking her suspended sentence because there is nothing in the record to demonstrate that she was "served" with the terms and conditions of her suspended sentence. Arkansas Supreme Court Administrative Order

4

Number 8 explains that the office of the prosecuting attorney is responsible for completing and submitting the sentencing order to the circuit judge for signature, which is filed in the office of the circuit clerk. The clerk is then responsible for forwarding a copy of the sentencing order to the counsel of record for the defendant. *Id.* At the revocation hearing, appellant's counsel openly acknowledged that appellant was on notice to pay restitution. Counsel also did not specifically argue that appellant failed to receive a copy of the trial court's January 11, 2012 sentencing order. Instead, counsel summarized,

> I'm not saying the sentencing order is not effective. I'm saying by statute she's got to be served the terms and conditions of the suspended sentence ordering her to pay that restitution and how to pay that restitution and that's absent from the Clerk's file.

Appellant is mistaken. Although appellant's addendum does not include the terms and conditions of appellant's January 11, 2012 SIS that was a part of the sentencing order, the State contends that the entire January 11, 2012 sentencing order consisted of six pages, and it filed a supplemental addendum with this court including all six pages. Furthermore, a review of our entire record on appeal affirms the State's contention. The January 11, 2012 sentencing order mandated that appellant pay $2,377.75 in restitution to be paid in $50.00 monthly installments within sixty days of appellant's release. The sixth page of the sentencing order, which was not included in appellant's addendum, is titled "additional terms/conditions of disposition" and lists the following additional conditions:

[1.] $5.00 administrative fee to be paid with each restitution payment.

[2.] $10.00 administrative fee to be paid with each fine payment/cost/DNA submission fee/booking fee/and DTF fee payment.

[3.] Surrender for ADC sentence UPON NOTIFICATION BY BONDING COMPANY.
    Bond provision:    $3,500.00 RELEASE BOND.

SLIP OPINION

[4.]    Defendant to complete Long Term Drug Rehabilitation Program while incarcerated.
[5.]    Suspended time conditioned upon good behavior.
[6.]    Any violation of the terms and conditions of this suspended imposition of sentence may result in a revocation and/or a finding of contempt of court.

Therefore, contrary to appellant's allegation, the terms and conditions of appellant's SIS were a part of the trial court's sentencing order and were also included in the clerk's record. In addition, Gilbreth testified that appellant had already partially complied with those terms and conditions, after her release, when she made a payment on January 14, 2014. Thus, under these circumstances, we cannot say that the trial court clearly erred in revoking her suspended sentence.

Although we affirm appellant's revocation, we hold that appellant's sentence is illegal. The issue of an illegal sentence cannot be waived by the parties and may be addressed for the first time on appeal. *Reyes v. State*, 2015 Ark. App. 55, 454 S.W.3d 279. In Arkansas, sentencing is entirely a matter of statute. *Walden v. State*, 2014 Ark. 193, at 3, 433 S.W.3d 864, 867. If we hold that a trial court's sentence was illegal and that the error had nothing to do with guilt, but only with the illegal sentence, we can correct the sentence in lieu of remanding. *Id.* In *Walden*, our supreme court interpreted Ark. Code Ann. § 5-4-307(b) as requiring suspended sentences imposed with terms of imprisonment for different crimes to run concurrently. *Id.* In this case, the trial court ran the forty-eight months' SIS in case number 17CR-10-580 consecutively to the seventy-two months' imprisonment in case number 17CR1-10-409. We modify the sentencing order to reflect that the two sentences are to run concurrently.

Affirmed as modified.

KINARD and GLOVER, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson*, Ass't Att'y Gen., for appellee.