Cite as 2022 Ark. App. 8

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR-21-115

| | |
|---|---|
| AY'RHOGUNCE JACOLBI MILLER<br>APPELLANT | **Opinion Delivered** January 12, 2022 |
| | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. 18CR-17-611] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE DAN RITCHEY, JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## RITA W. GRUBER, Judge

Appellant Ay'Rhogunce Jacolbi Miller appeals from an order of the Crittenden County Circuit Court revoking his probation and sentencing him to seventy-two months' imprisonment. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's counsel has filed a no-merit brief and a motion to withdraw asserting that there is no issue of arguable merit to raise on appeal. The clerk of this court provided appellant with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal, but appellant has not done so. We affirm the revocation and grant counsel's motion to withdraw.

On April 9, 2018, appellant entered a negotiated guilty plea to breaking or entering (Class D felony) and was sentenced as a first-time offender pursuant to Arkansas Code

Annotated sections 16-93-301 et seq. (Repl. 2016 & Supp. 2021) to forty-eight months' probation and ordered to pay costs, fines, restitution, and fees in monthly installments of $25 beginning on May 9, 2018.[1] The conditions of appellant's probation, in part, required him to pay costs, fines, restitution, and fees as directed; to live a law-abiding life, be of good behavior, and not violate any state, federal, or municipal law; not to use or possess alcohol, marijuana, narcotics, or any illegal drug or controlled substance or associate with those who do; and not to possess a firearm.

On February 22, 2019, the State filed a petition to revoke appellant's probation. The petition alleged that he had failed to pay fines, costs, restitution, and fees as directed; failed to pass drug tests; failed to live a law-abiding life, be of good behavior, and not violate any state, federal, or municipal law; and committed theft of property and possession of a firearm by a felon on February 4, 2019, in case No. CR-2019-199. An amended petition to revoke was filed on December 10, 2020, adding that appellant had been convicted on June 22, 2020, of possession of a controlled substance in Crittenden County case No. CR-2020-348 and had committed first-degree battery and engaging in violent criminal group activity in Crittenden County case No. CR-2020-348.

At the outset of the hearing, the State introduced without objection appellant's payment record and a certified copy of the June 22, 2020 conviction for possession of a controlled substance. The State's only witness was JW, who was fifteen years old at the time of the hearing. He testified to an April 24, 2020 incident in which he had posted on social

---

[1]Appellant was sixteen years old at the time of the offense. Other charges, which included criminal attempt to commit first-degree murder, terroristic act, and engaging in violent criminal group activity, were nolle prossed.

media that he was selling oxycodone and Percocet pills he took from his mother. He stated that a person who went by the name Jizzle on Snapchat came to his house to make a purchase. Three people arrived in a car, and JW got in the back seat. Jizzle, who was the driver, asked how old he was and if he wanted to buy some "weed." JW replied that he did not smoke and saw appellant, who was also in the back seat, pull out a "stack of money." JW said he thought appellant was going to pay him for the drugs; instead, appellant pulled out a gun, put it up to JW's temple, and told him to drop the pills. JW said he ran, heard a gunshot, and was struck in the shoulder.

Appellant's counsel moved for a directed verdict on the allegations of failure to pass drug tests, theft of property, and possession of a firearm by a felon.[2] The circuit court granted the motion as to the failure-to-pass-drug-tests and theft-of-property allegations. The court found by a preponderance of the evidence that appellant had failed to pay fines and failed to live a law-abiding life on the basis of JW's testimony and the conviction for possession of a controlled substance. The court also found appellant in violation of the condition that he not possess a firearm based on JW's testimony. Following the revocation hearing, the court entered an order on December 14, 2020, revoking appellant's probation and sentencing him to seventy-two months' imprisonment with 290 days of jail-time credit. A notice of appeal was filed on December 23, 2020.

---

[2]A motion for directed verdict in a bench trial is treated as a motion for dismissal. *Henderson v. State*, 2015 Ark. App. 411, 466 S.W.3d 418. A motion to dismiss at a bench trial and a motion for a directed verdict at a jury trial are both challenges to the sufficiency of the evidence. *Id.*

Rule 4–3(k)(1) provides that a no-merit brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The abstract and addendum shall contain all rulings adverse to the defendant made by the circuit court. Ark. Sup. Ct. R. 4–3(k)(1). The requirement for abstracting and briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Vail v. State*, 2019 Ark. App. 8, at 2. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160.

Counsel correctly notes that the only rulings adverse to appellant were the denial of his directed-verdict motion on four of the alleged probation violations and the revocation of his probation. In a revocation proceeding, the State need only establish one of the bases alleged in its petition to revoke, and the burden is by a preponderance of the evidence. *Bledsoe v. State*, 2014 Ark. App. 410. Our court reviews the circuit court's findings to determine if they are clearly against the preponderance of the evidence, leaving any credibility calls and determinations of the weight of evidence to the finder of fact. *Id.* We agree with counsel that the revocation does not present a meritorious ground for reversal.

Counsel provides adequate analysis explaining that the circuit court was correct in its ruling that there was sufficient evidence to find that appellant had violated the terms and conditions of his probation. The circuit court found that appellant had violated the

condition that required him to live a law-abiding life, be of good behavior, and not violate any state law as a result of the State's introduction of his conviction of possession of a controlled substance (marijuana) during his probation period. The State introduced the June 22, 2020 conviction without objection to demonstrate that appellant had pleaded guilty to this offense while on probation. We therefore affirm as to the sufficiency of the evidence against appellant.

From our review of the record and the no-merit brief, we conclude that counsel has complied with Rule 4-3(k) and agree that an appeal would be wholly without merit. Accordingly, we affirm the revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

BARRETT and MURPHY, JJ., agree.

*S. Butler Bernard, Jr.*, for appellant.

One brief only.