Cite as 2025 Ark. App. 426

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-23-508

| | | |
|---|---|---|
| KANDACE THOMPSON | | Opinion Delivered September 17, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT |
| V. | | [NO. 72CR-16-2564] |
| STATE OF ARKANSAS | | HONORABLE JOANNA TAYLOR, |
| | APPELLEE | JUDGE |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**RAYMOND R. ABRAMSON, Judge**

This is a no-merit appeal filed on behalf of Kandance Thompson following the Washington County Circuit Court's revocation of her probation. Thompson's counsel filed a timely notice of appeal followed by a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b), along with a motion to withdraw as counsel asserting that there is no issue of arguable merit on appeal. Thompson was provided a copy of her counsel's brief and motion but did not file any pro se points for reversal; thus, the State did not file a responsive brief.[1]

---

[1]This case returns following our opinion ordering rebriefing. *See Thompson v. State*, 2024 Ark. App. 399, 697 S.W.3d 723.

From our review of the record and the brief presented, we hold that counsel's brief complies with the directives of *Anders* and Rule 4-3(b)(1) and that there are no issues of arguable merit to support an appeal. Accordingly, we affirm the revocation of Thompson's probation and grant counsel's motion to withdraw.

## I. *Background*

On September 26, 2017, Thompson was convicted pursuant to a negotiated guilty plea of a single count of possession of drug paraphernalia and was sentenced to three years' probation. On February 9, 2018, the State filed a petition for revocation alleging failure to report, failure to furnish a correct address, and failure to satisfy financial obligations. An amended petition asserting these grounds in addition to illegal drug use was filed on April 18, 2023. At the May 2, 2023 revocation hearing, probation officer Heather Wineland testified. The defense attempted to call public defender investigator Rachel Tichenor, a former police officer and probation officer, to testify as an expert, but the court denied the testimony on the basis of relevance.[2]

At the conclusion of the hearing, the circuit court revoked Thompson's probation by finding that the State had proved by a preponderance of the evidence that Thompson had violated the conditions of her probation. Specifically, the circuit court highlighted that Thompson's failure to report began as early as intake, where she was several days late, and continued throughout her probation term. Additionally, the circuit court noted that

---

[2]The court made this decision after allowing defense counsel to voir dire the witness.

Thompson failed to update her address at the earliest possible occasion and had failed to appear for multiple court appearances. The circuit court further noted that Thompson admitted to drug use on multiple occasions. The circuit court sentenced her to six years in the Arkansas Division of Community Correction.

## II. *Discussion*

A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Travis v. State*, 2023 Ark. App. 286, 668 S.W.3d 207. In considering a no-merit brief, we must determine whether, after a full examination of the proceedings, there is any nonfrivolous basis for an appeal. *Id.*

In revocation proceedings, the State has the burden of proving by a preponderance of the evidence that a defendant inexcusably violated the terms of his or her probation as alleged in the revocation petition, and we will not reverse the circuit court's decision to revoke probation unless it is clearly against the preponderance of the evidence. *Stanley v. State*, 2023 Ark. App. 89, 661 S.W.3d 218. The State need only show that the appellant committed one violation to sustain a revocation. *Id.* Here, counsel has addressed the sufficiency of the evidence presented in support of the decision to revoke probation. The decision to revoke does not present an issue of arguable merit for appeal.

Thompson requested a continuance so that she could hire private counsel. Thompson waited until the day of the hearing to present this request. The revocation hearing had already been continued on multiple occasions, and Thompson provided no argument nor evidence that she had already hired or sought private counsel; rather, she merely requested the opportunity to do so. Counsel has addressed this issue and properly found that the denial of Thompson's motions for continuance made on the day of the hearing does not present an issue of arguable merit for appeal.

Next counsel asserts that the expert testimony of Tichenor was properly rejected on relevance grounds. We agree. The standard of review on admissibility of expert testimony is abuse of discretion. *Johninson v. State*, 317 Ark. 431, 878 S.W.2d 727 (1994). Abuse of discretion is a high threshold that requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Hajek-McClure v. State*, 2014 Ark. App. 690, 450 S.W.3d 259. The general test for admissibility of expert testimony is whether the testimony will aid the trier of fact in understanding the evidence or in determining a fact in issue. *Id.* Thompson argued that Tichenor's testimony would explain how long certain controlled substances stay within an individual's system; however, Thompson admitted to the drug use in question, so any such testimony would be of little value, if any. Even if, however, it was erroneous to exclude Tichenor's testimony, any error was harmless since Tichenor's testimony was relevant only as to Thompson's drug use while on probation—it was not relevant as to Thompson's failures to report and failures to appear. *See Henderson v. State*,

4

2015 Ark. App. 411, at 5–6, 466 S.W.3d 418, 422. Accordingly, the exclusion of Tichenor's testimony does not present an issue of arguable merit for appeal.

The final adverse ruling was the admission of evidence of Thompson's convictions for failing to appear while on probation. Counsel asserts that this was a revocation proceeding, which necessarily meant that the circuit court would consider the merits and potential sentencing in the same hearing. Evidence relevant to sentencing may include a defendant's prior convictions. Ark. Code Ann. § 16-97-103(2) (Supp. 2023). Furthermore, the rules of evidence are not strictly applicable in revocation proceedings, with exceptions not applicable here. *Henderson*, 2015 Ark. App. 411, at 4, 466 S.W.3d at 421. No issue of arguable merit could be raised on appeal of this evidentiary ruling.

From our review of the record and the brief presented to us, we find compliance with Rule 4-3(b) and that there is no merit to an appeal. We therefore grant counsel's motion to withdraw and affirm the convictions.

Affirmed; motion to withdraw granted.

THYER and HIXSON, JJ., agree.

*The Law Office of Geoffrey D. Kearney, PLLC*, by: *Geoffrey D. Kearney*, for appellant.

One brief only.

5