SLIP OPINION

Cite as 2014 Ark. App. 612

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–14–191

| | |
|---|---|
| SHAREEF PALMER BROWN<br>APPELLANT | **Opinion Delivered** November 5, 2014 |
| V. | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT<br>[NO. 17CR-10-4461] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE GARY COTTRELL, JUDGE |
| | AFFIRMED |

## RITA W. GRUBER, Judge

Appellant pleaded guilty in October 2010 to felony non-support of a minor child in violation of Ark. Code Ann. § 5-26-401 (Repl. 2006). He was given 54 days' imprisonment, with credit for 54 days served, followed by suspended imposition of sentence for a period of three years. In December 2012, the State filed a petition to revoke appellant's suspension, alleging that he had failed to comply with the terms and conditions thereof by again failing to pay child support. The trial court revoked appellant's suspended sentence, finding that appellant wilfully failed to pay child support and that he committed the new offense of failing to appear. On appeal, appellant argues that the trial court erred in finding that his failure to pay was willful and in failing to find that his failure to appear was excusable. We find no error and affirm appellant's convictions.

A trial court may revoke a defendant's suspension at any time prior to the expiration of the period of suspension if it finds by a preponderance of the evidence that the defendant

SLIP OPINION

has inexcusably failed to comply with a condition of his suspension. Ark. Code Ann. § 16-93-308(d) (Supp. 2013). This court will not reverse the trial court's decision to revoke unless it is clearly against the preponderance of the evidence. *Owens v. State*, 2009 Ark. App. 876, at 6, 372 S.W.3d 415, 419. Because the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the trial judge's superior position. *Richardson v. State*, 85 Ark. App. 347, 350, 157 S.W.3d 536, 538 (2004). The State need only show that the appellant committed one violation in order to sustain a revocation. *Id.*

Appellant does not challenge the sufficiency of the evidence to prove that he failed to pay child support; rather, he argues that the evidence is insufficient to show that his failure to pay was willful. Where the alleged violation is a failure to make payments as ordered, the State has the burden of proving by a preponderance of the evidence that the failure to pay was inexcusable. *Owens*, 2009 Ark. App. 876, at 7, 372 S.W.3d at 419. Once the State has introduced evidence of nonpayment, the burden shifts to the defendant to offer some reasonable excuse for his failure to pay. *Id.* Although a probationer cannot be imprisoned solely on the basis of failure to pay restitution, his failure to seek employment or make bona fide efforts to borrow money to pay restitution may support a finding that his failure to pay was a willful act warranting imprisonment. *Jordan v. State*, 327 Ark. 117, 122, 939 S.W.2d 255, 257 (1997); *Gossett v. State*, 87 Ark. App. 317, 319, 191 S.W.3d 548, 549–50 (2004).

The record reflects that appellant was, at the time of the hearing, a thirty-year-old man with a GED. He testified that he had been unemployed for fourteen months and that

he had not sought employment during that time. He claimed that did not look for work because he had injured his back at home and had no insurance to seek medical treatment. He testified that he lived with his mother, who drew disability and paid for the rent, utilities, and food. He said that he helped take care of his mother, made sure she got to her doctor's appointments, and helped around the house. He testified that he intended to apply for social security disability but that he had not done so and that he had not been diagnosed with a disability. He presented no corroboration—in the form of testimony, medical records, applications, or other documentation—to support his own testimony that he was injured, disabled, and unable to seek employment. The trial court had the opportunity to observe appellant at the hearing and determine credibility. On this record, we cannot say that the trial court's finding that appellant's failure to pay was willful is clearly against the preponderance of the evidence.

Having affirmed the trial court's revocation of appellant's suspended sentence based on his failure to pay child support, we need not address his argument concerning the trial court's finding that he committed the new offense of failure to appear. The State had to prove only one violation to establish that appellant violated the conditions of his suspended sentence. *Jefferson v. State*, 2012 Ark. App. 497, at 4.

Affirmed.

WALMSLEY and HARRISON, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

3