Cite as 2021 Ark. 117

# SUPREME COURT OF ARKANSAS
No. CV–20–416

| | |
|---|---|
| JAMES RAY THOMPSON<br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | Opinion Delivered: May 27, 2021<br><br>PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT<br>COURT<br>[NO. 40CV-20-43]<br><br>HONORABLE JODI RAINES<br>DENNIS, JUDGE<br><br>AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

Appellant James Ray Thompson appeals the Lincoln County Circuit Court's dismissal of his pro se petition for a writ of habeas corpus filed pursuant to Arkansas Code Annotated sections 16-112-101 to –123 (Repl. 2016). Thompson, who is incarcerated in the county where he filed his petition, alleged in the petition that his sentence is illegal because the trial court imposed consecutive sentences despite the jury's recommendation to impose concurrent sentences. The circuit court dismissed his petition on the basis that the trial court had authority to impose consecutive sentences. We affirm.

I. *Background*

In August 2010, Thompson was convicted of two counts of rape and was sentenced to two 120-month terms of imprisonment to be served consecutively for an aggregate term of 240 months' imprisonment. The Arkansas Court of Appeals affirmed the convictions and sentences. *Thompson v. State*, 2011 Ark. App. 605. On direct appeal, Thompson challenged

the trial court's imposition of consecutive sentences. The court of appeals rejected the challenge, concluding that a defendant does not have a right to the imposition of concurrent sentences, which is a matter within the sound discretion of the trial court. *Id.*

## II. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

## III. *Nature of the Writ*

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Id.* A petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court. In addition, the petitioner must show, by affidavit or other evidence, probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

IV. *Claims for Relief*

As stated above, Thompson alleged in his petition and reasserted in his argument on appeal that his consecutive sentences are illegal because the trial court abrogated the jury's recommendation for concurrent sentences. A writ of habeas corpus is properly issued when it has been established that a sentence is void or illegal because the trial court lacked authority to impose it. *Johnson v. Kelley*, 2019 Ark. 230, 577 S.W.3d 710. In Arkansas, sentencing is entirely a matter of statute, and this court has consistently held that sentencing shall not be other than in accordance with the statute in effect when the crime was committed. *Id.* When the law does not authorize the particular sentence pronounced by a trial court, that sentence is unauthorized and illegal. *Id.*

Thompson was convicted of two counts of rape by forcible compulsion, which is a Class Y felony. Ark. Code Ann. § 5-14-103(a)(1) & (3)(c) (Repl. 2006). A Class Y felony carries a sentencing range of not less than ten years and not more than forty years, or life. Ark. Code Ann. § 5-4-401 (Repl. 2006). Thompson therefore received the minimum sentences for his convictions. However, Thompson argues that the trial court lacked authority to impose consecutive sentences when the jury recommended concurrent sentences. Thompson is incorrect. It is well established that the question whether two separate sentences should run consecutively or concurrently lies solely within the province of the trial court. *Rickman v. State*, 2020 Ark. 138, 597 S.W.3d 622; *see also* Ark. Code Ann. § 5-4-403(d) (Repl. 2006); Ark. Code Ann. § 16-90-109(b) (1987). This is so despite a jury's nonbinding recommendation to impose concurrent sentences. *Id.* In sum, the circuit

court did not abuse its discretion when it dismissed Thompson's petition for a writ of habeas corpus.

Affirmed.

*James Ray Thompson*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.