Cite as 2023 Ark. App. 325

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-22-481

| | | |
|---|---|---|
| CARL SKAGGS | | Opinion Delivered MAY 31, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 24OCR-19-12] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JAMES DUNHAM, JUDGE |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**ROBERT J. GLADWIN, Judge**

This is a no-merit appeal filed on behalf of appellant Carl Skaggs following the Franklin County Circuit Court's revocation of his suspended imposition of sentence (SIS). Skaggs's counsel filed a timely notice of appeal, followed by a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b) (2022), along with a motion to be relieved as counsel, asserting that there is no issue of arguable merit for an appeal. The motion is accompanied by statements of facts of the proceedings below as well as pleadings and transcript records alleged to include all objections and motions decided adversely to Skaggs and briefs in which counsel explains why there is nothing in the record that would support an appeal in this case.

The clerk of this court sent copies of counsel's motions and briefs to Skaggs, informing him that he had the right to file pro se points for reversal. Skaggs has submitted pro se points[1] for reversal pursuant to Arkansas Supreme Court Rule 4-3(b)(2); accordingly, the State has filed a response brief in accordance with Arkansas Supreme Court Rule 4-3(b)(3) that applies to both appeals. We affirm the revocation and grant counsel's motion to withdraw.

I. *Facts and Procedural History*

In this case, Skaggs pleaded guilty in 2019 to two Class D felonies—possession of a controlled substance (methamphetamine) and possession of drug paraphernalia—in Franklin County Circuit Court case No. 4OCR-19-12. As to each count, he was sentenced to three years in the Arkansas Division of Correction (ADC) with an additional three-year SIS and ordered to pay fines and costs. A condition of his SIS was that he "not commit a criminal offense punishable by incarceration." Skaggs signed an acknowledgment of the general conditions of his SIS.

On December 8, 2021, the State filed a petition to revoke Skaggs's SIS in the Franklin County case as well as his probation in Johnson County Circuit Court case No. 36CR-19-100, the latter case being the subject of a related, but separate, appeal. *See also Skaggs v. State*, No. CR-22-483, Appellant's Br. 5, 15–16 (Ark. App. Sept. 9, 2022). The petition alleged that

---

[1]The pro se points filed by Skaggs and the response brief filed by the State in this no-merit appeal are identical to the ones filed in the companion no-merit appeal also before us, *Skaggs v. State*, 2023 Ark. App. 329.

Skaggs had violated the terms and conditions of his SIS in both cases on April 19, 2021, when he was pulled over and found to be in possession of methamphetamine. Skaggs was served the bench warrant on December 13.

Skaggs waived venue in Johnson County case No. 36CR-19-100, and the revocation hearing was conducted in the Franklin County Circuit Court on May 5, 2022. The State introduced the sentencing orders, terms and conditions of Skaggs's SIS, and crime-lab report as exhibits, which were stipulated to by Skaggs.

The State presented testimony and evidence that, in the course of a traffic stop on April 19, 2021, Skaggs was arrested due to an outstanding warrant. Methamphetamine was found concealed inside the console of Skaggs's truck during the search incident to his arrest. The arresting officer, Skyler McElroy of the Arkansas State Police, testified that Skaggs and his girlfriend, Andreana Perkins, who was a passenger and who was also was arrested, both made statements indicating they were aware of a Twix candy container containing methamphetamine and paraphernalia for its use hidden inside the console. During the revocation hearing, however, Skaggs and Perkins each testified that the methamphetamine hidden inside the console belonged to Perkins, and both denied that Skaggs was aware she had hidden her drugs in his truck. Perkins acknowledged that she was charged with, and pleaded guilty to, possession of a controlled substance with the purpose to deliver arising from the methamphetamine discovered during the traffic stop.

Felix Jackson with Arkansas Community Correction testified that he supervised Skaggs during his parole; he was released from parole on April 4, 2022. Officer Jackson

testified regarding Skaggs's other SIS violations while on parole, which included eight violations related to controlled substances; Skaggs also failed to report a change of residence; and he failed to pay supervision fees. Officer Jackson explained that, rather than being based on positive drug tests, most of the controlled-substance violations were based on Skaggs's admitted use during scheduled appointments for drug tests. He acknowledged that Skaggs was sanctioned for some of those parole violations.

During his own testimony, Skaggs claimed that, at the time of the April 19, 2021 traffic stop, he was not aware of the methamphetamine hidden in his truck, but he admitted that he told Officer McElroy at the scene: "Well, if it's in a Twix can, it's all mine." He claimed that he did this because he did not see any point in both he and Perkins going to jail. Skaggs acknowledged that he tested positive for a controlled substance while on parole, although, at the time, he protested that "it could have been something I ate like poppy seeds or something like that, or, I mean, there's quite a few things that does false positive."

During his testimony, Skaggs expressed his frustration with an early drug-test appointment taking hours out of his day, his alleged difficulty providing a sample for a urinalysis test, and the parole sanctions arising from a positive test result. Skaggs then explained how he preempted subsequent tests by self-reporting "dirty for everything" and signing an admission of the parole violation. He acknowledged his decision to lie to Officer Jackson by reporting that he was "hot" because "it was easier to go in and put my name on for a hot UA [urinalysis], whether I was clean or not, and get through the system [and] [i]t was—it worked." Skaggs admitted that he lied to Officer Jackson "quite often." He admitted

4

he was aware that Perkins possessed paraphernalia for methamphetamine use and asserted that she was a "recovering addict" who had a relapse. Skaggs also admitted smoking marijuana on more than one occasion.

Following Skaggs's testimony, he proffered a statement from his sister, Laverne Wilson, without objection.

Having considered the testimony and the evidence, the trial court revoked Skaggs's SIS in both the Franklin County and Johnson County cases. The trial court concluded that, "whether you believe [Skaggs's] testimony, or the officer, or [Skaggs's girlfriend], in any scenario, [Skaggs] committed multiple violations of his suspended imposition of sentence." The trial court found that the violations included Skaggs's commission of criminal offenses through the possession of controlled substances, "both on April 19, 2021, and at other times when he tested positive, and when he used marijuana."

The trial court also found that Skaggs had violated condition number two of his SIS by "using controlled substances and associating with persons who were using controlled substances, or being present with persons, like his girlfriend, who were using or possessing controlled substances." The trial court further found that Skaggs had violated condition number five by associating with persons convicted of a crime or who were engaging in criminal activities. Consistent with Skaggs's admission during his testimony, the trial court also found Skaggs had lied to his parole officer on multiple occasions.

The trial court determined, and counsel agreed, that Skaggs was subject to a remaining sentence of three years as to each of his three convictions due to the fact that all

were Class D felonies subject to a maximum six-year sentence and because Skaggs had previously been sentenced to three years on each conviction.

The State recommended that sentence plus a $5,000 fine, arguing that "the defense theory was disingenuous, not consistent with the overall evidence presented, not consistent with [Skaggs's] criminal history, [sic] and admission to parole officer." The State further asserted that Skaggs and Perkins "attempted to perpetrate a fraud upon this Court."

Skaggs's counsel recommended three years on each count to run concurrently, but the trial court imposed a sentence of thirty-six months in the ADC on each count, to run consecutively, and a $500 fine. The sentencing order was filed on May 9, and Skaggs filed a timely notice of appeal on May 23.

II. *Discussion*

Because this is a no-merit appeal, Rule 4-3(b) requires the argument section of the brief to contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions[,] and requests . . . with an explanation as to why each . . . is not a meritorious ground for reversal." The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Harvey v. State*, 2022 Ark. App. 283, at 5, 646 S.W.3d 292, 295. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Id.*

6

A. Adverse Rulings by the Trial Court

Skaggs's counsel maintains that there are no adverse rulings in this case to be discussed other than (1) the revocation of Skaggs's SIS, and (2) the trial court's order that his sentences in the ADC run consecutively.

1. *Sufficiency of the evidence supporting the revocation of Skaggs's SIS*

In revocation proceedings, the State has the burden of proving by a preponderance of the evidence that a defendant violated the terms of his or her suspended sentence as alleged in the revocation petition, and we will not reverse the trial court's decision to revoke a suspended sentence unless it is clearly against the preponderance of the evidence. *Mathis v. State*, 2021 Ark. App. 49, 616 S.W.3d 274. The State need only show that the appellant committed one violation to sustain a revocation. *Id.*; *see also* Ark. Code Ann. § 16-93-308(d) (Supp. 2021). Because the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, appellate courts defer to the trial court's superior position for assessing these factors. *Brown v. State*, 2014 Ark. App. 612, at 2.

In his no-merit brief, counsel accurately states that there can be no meritorious challenge to the sufficiency of the evidence supporting the revocation. The State's petition to revoke was based on the fact that "[o]n 4/19/2021[,] he was pulled over and found in possession of methamphetamine." A condition of Skaggs's SIS was that he not commit a criminal offense punishable by imprisonment. The trial court found that Skaggs had committed multiple felony violations, including, among other acts, possession of a

controlled substance, both at the time of his arrest on April 19, 2021, as well as when he tested positive for—or used—marijuana.

Another condition of Skaggs's SIS was that he "not use a controlled substance" or "associate with any person who is using controlled substances or be present in a location where there are persons using or possessing controlled substances." Skaggs admitted having used marijuana since his release from prison. His parole officer testified to multiple positive drug screens or admissions by Skaggs. Although Skaggs explained that he would lie about being positive for drugs to avoid certain consequences, his credibility and the weight to be given the testimony are issues to which we defer to the trial court. *See Brown*, *supra*.

The State need only show one violation in order to sustain a revocation. *Brown*, *supra*. Evidence that is insufficient for a criminal conviction may be sufficient for the revocation of a suspended sentence. *Randle v. State*, 2023 Ark. App. 234, at 4, 664 S.W.3d 476, 479. The testimony by Officer McElroy, who found the Twix container with methamphetamine and paraphernalia during the search of Skaggs's truck—and the same officer to whom Skaggs admittedly stated at the scene that "if it's in a Twix can, it's all mine"—was sufficient, on its own, to establish a violation of the SIS condition by a preponderance of the evidence. *See Mathis*, 2021 Ark. App. 49, at 5, 616 S.W.3d at 278.

Officer McElroy's testimony established that Skaggs admitted he knew of the drugs in the vehicle. Skaggs's contradictory testimony that he only admitted knowledge of the presence of the Twix canister but not of the contents was an issue of fact for the trial court to determine. Again, the credibility and weight to be given the testimony of each witness is

8

deferred to the trial court. *See Randle, supra.* The trial court found that Skaggs had committed the offense of possession of a controlled substance on that date, and we agree that the trial court's decision to revoke Skaggs's SIS was not clearly against the preponderance of the evidence.

Additionally, Skaggs admitted using marijuana eight months prior to the revocation hearing, which, alone, is sufficient to support a finding that he had committed a criminal offense punishable by imprisonment as well as a violation of the condition that he not use controlled substances. Given the quantity and quality of the State's evidence, we agree that Skaggs has no arguable claim to raise regarding the trial court's finding that he had violated the conditions of his SIS.

### 2. *Consecutive sentences*

A trial court has multiple sentencing options after a defendant has been found to have violated the conditions of his SIS in a revocation proceeding, including revoking the defendant's SIS and imposing any sentence that might have been imposed originally for the offense of which the defendant was found guilty. Ark. Code Ann. § 16-93-308(g)(1).

The two crimes for which Skaggs received an SIS were Class D felonies, each carrying a range of punishment of zero to six years in the Arkansas Department of Correction (ADC), *see* Ark. Code Ann. § 5-4-401(a)(5) (Repl. 2013), and a fine of up to $10,000. *See* Ark. Code Ann. § 5-4-201(a)(2) (Repl. 2013). Skaggs had already been sentenced to thirty-six months in the ADC on each count; thus, the most he could be sentenced to following a revocation of his SIS is thirty-six months for each count.

The trial court sentenced him to thirty-six months in the ADC on each count to run consecutively. The trial court is permitted to run multiple sentences of imprisonment for multiple offenses consecutively, including those from which an SIS has been revoked. *See Thompson v. Payne*, 2021 Ark. 117, at 3, 623 S.W.3d 115, 117. Because this sentence is within the range of punishment available, we hold that the trial court's decision to run the two thirty-six-month sentences consecutively was not clearly against the preponderance of the evidence and provides no meritorious ground for reversal.

## B. Pro Se Points

### 1. *Was Skaggs subject to the SIS while on parole?*

Skaggs's pro se filing is not organized into points, but he first appears to argue that during the relevant time period, he was on parole; thus, he was not subject to the terms and conditions of his SIS. He claims that the State and the trial court lacked the authority to seek revocation or to revoke his SIS. Skaggs states, "I was on parole when said dates of [revocation] petitions and warrants were issued [and] I was convicted on a parole officer's testimony for ten violations that the board of Pardon and Parole have already punished me for." Skaggs submits that because the revocation petitions and the warrants for his arrest were filed in December 2021, and his "flat date"—or the date of his release from parole—did not occur until "the 4th month [April] of 2022[,] [t]his alone should void these sentences [arising from the revocations]."

We disagree. Initially, we note that any such argument is not preserved for this court's review because it was not raised below. *See Bluebird v. State*, 2011 Ark. App. 474, at 2. But

10

even if it were, Arkansas Code Annotated section 5-4-307(c) (Supp. 2021) provides that "[i]f a court sentences a defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment, the period of the suspension commences to run on the day the defendant is lawfully set at liberty from the imprisonment." Consequently, an SIS commences to run on the date that a prisoner is released from incarceration to parole. *See Chadwell v. State*, 80 Ark. App. 133, 134–35, 91 S.W.3d 530, 531 (2002).

Skaggs's reliance on *Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003), is misplaced. *Harness* addressed an SIS that was revoked prior to a term of imprisonment; thus, the SIS had not yet commenced. *Id.* at 338, 345, 101 S.W.3d at 227–38, 242. Here, Skaggs's contention is based on the fact that he was on parole during the relevant time period, so necessarily, he had been released from imprisonment when the SIS violations occurred and when the State filed its petition to revoke.

Skaggs does not develop his assertion that he was "convicted"—his SIS was revoked— after "the board of Pardon and Parole [had] already punished me"; however, it might be interpreted as an attempt to raise a double-jeopardy claim. If so, we note that Skaggs was not placed in jeopardy for a second time by the revocation proceeding or by the imposition of additional periods of incarceration for his original convictions, *see Billings v. State*, 53 Ark. App. 219, 224, 921 S.W.2d 607, 610 (1996), because his resulting sentence was within the range of punishment originally available related to his convictions.

*2. Sufficiency of the evidence supporting the revocation*

11

Although he characterizes it as an issue of "prosecutorial misconduct," Skaggs's second pro se point seems to be a challenge to the sufficiency of the evidence supporting the revocation. Other than his challenge to the accuracy of "Exhibit A," a marked-up document of unknown origin attached to his pro se points,[2] Skaggs merely revisits the testimony that he and Perkins provided during the revocation hearing. He reiterates his argument that he had no knowledge of the drugs found concealed in his truck and that the drugs belonged to Perkins. Skaggs also notes that the underlying charges arising from the April 19, 2021 traffic stop were dismissed.

The same standard of review and analysis of the sufficiency of the evidence supporting Skaggs's revocation detailed above likewise apply here. We hold that Skaggs's additional argument on the issue fails to provide a basis for a merit-based appeal.

3. *Assertion of unauthorized continuances and violation of alleged ninety-day deadline*

Skaggs's final pro se point alleges that revocation hearing dates were postponed by his counsel without his consent and that the continuances were "manipulated" when, he contends, there should have been a hearing conducted within ninety days.

Arkansas Code Annotated section § 16-93-307(b)(1)-(2) provides that a suspended imposition of sentence shall not be revoked except after a revocation hearing, which "shall be conducted . . . within a reasonable period of time after the defendant's arrest, not to

---

[2]Skaggs's "Exhibit A" does not appear in the record before us, and from our review of the available pleadings and transcript, that document likewise does not appear to have been referenced, proffered, admitted, or even mentioned in the course of the revocation proceeding.

exceed sixty days." In this matter, hearings initially were set within sixty days of Skaggs's arrest. However, they were reset multiple times, and the revocation hearing ultimately did occur well beyond sixty days of his arrest. Nevertheless, the hearings appear to have been rescheduled with the consent of Skaggs's counsel—or at least with no objection being raised by either counsel or Skaggs. Moreover, there is nothing in the record to indicate that there was any disagreement between Skaggs and his counsel regarding the hearings being rescheduled or that any concern was brought before the trial court. As such, because the issue was not raised below, it is not preserved for our review. *See Johnson v. State*, 2011 Ark. App. 590, at 3–4 (holding that because the issue of the timeliness of a probation revocation hearing was not raised before the trial court, it was waived).

And to the extent Skaggs's claim may be liberally construed as an allegation of ineffective assistance of counsel, we note that he did not raise an ineffective-assistance-of-counsel claim at trial. Thus, his argument is not preserved for our review. *Cessna v. State*, 2023 Ark. App. 9, at 5.

### III. *Conclusion*

From our review of the record and the brief presented to us, we find that counsel has complied with *Anders* and Rule 4-3 and hold that the appeal is without merit. Accordingly, we affirm the revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

KLAPPENBACH and GRUBER, JJ., agree.

*Samuel F. Eastman*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.