Cite as 2026 Ark. App. 11

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-25-187

| | |
|---|---|
| ROBERT CHARLES SMITH<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered January 14, 2026<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FCR-14-989]<br><br>HONORABLE R. GUNNER DELAY, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**ROBERT J. GLADWIN, Judge**

This is a no-merit appeal filed on behalf of appellant Robert Smith following the Sebastian County Circuit Court's order revoking his suspended imposition of sentence ("SIS") in case No. 66FCR-14-989 and sentencing him to five years in the Arkansas Division of Correction ("ADC") with one year suspended for his convictions on one count each of second-degree battery and third-degree battery. Smith's counsel filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(b) (2025) of the Arkansas Rules of the Supreme Court and Court of Appeals, asserting that there is no arguable claim to raise on appeal. Smith was provided a copy of his counsel's brief and motion, but he did not file any pro se points for reversal; thus, the State did not file a responsive brief.

From our review of the record and the brief presented, we hold that counsel's brief is in compliance with the directives of *Anders* and Rule 4-3(b)(1) and that there are no issues of arguable merit to support an appeal. Accordingly, we affirm the revocation of Smith's SIS and grant counsel's motion to withdraw.

I. *Background Facts*

In case No. 66FCR-14-989, Smith was charged with one count of second-degree battery, a Class D felony, and one count of third-degree battery, a Class A misdemeanor. Smith pled guilty to both charges and received a five-years SIS for the Class D felony and a one-year SIS for the Class A misdemeanor, to run concurrently. Smith was ordered to pay a $1,000 fine, $150 in court costs, a $100 public-defender fee , and $600 in restitution, with all to be paid in installments of $55 a month beginning on May 1, 2015. The plea along with the terms and conditions of the SIS, signed by Smith, were filed of record on October 22, 2014. The sentencing order was entered on October 30, 2014.

The State filed a petition to revoke Smith's SIS on April 3, 2017, alleging that he had failed to pay his restitution, leaving an unpaid balance of $600 plus $25 in accumulated interest and that he failed to pay his fines, costs, and fees, leaving a balance in the amount of $1,250. After numerous hearings were continued due to either his failure to appear or the State's agreeing to give him additional time to pay his fees, a sentencing hearing was finally held on March 6, 2025.

At the hearing, the State introduced Smith's pay ledger showing that he made three payments of $15 each during 2025: on January 29, February 5, and February 21. The week

before the hearing, Smith made two payments totaling $65. In total, he paid $110 toward his obligations. The ledgers were introduced as exhibits 1 and 2. The State introduced as exhibit 3 a copy of a sentencing order showing that Smith pled guilty to terroristic threatening in Logan County on April 1, 2022.

Smith's counsel did not object to exhibits 1 and 2 but did object to exhibit 3, noting that terroristic threatening was not alleged in the petition. The State responded that it was an aggravating factor. The circuit court overruled the objection, noting that it did not know how much weight the exhibit would be given because "there's enough here to show."

Smith's counsel argued that Smith served prison time for the failure-to-appear charges. Counsel argued that Smith had been in and out of county jails and halfway houses, having a "real rough time getting set up back on his feet." Smith's counsel emphasized that Smith had started making payments and asked for the hearing to be continued another sixty days to give him a chance to continue. The circuit court denied that request and stated that it had been abundantly gracious. It was pointed out that in addition to costs and fines, Smith still owed restitution to a victim.

The circuit court sentenced Smith to five years in the ADC with a one-year SIS for violating the terms and conditions of his SIS. The circuit court ruled that the fines and costs would be satisfied by the prison sentence but that he would still owe a balance of roughly $500 towards restitution.

The sentencing order was filed of record on March 11, 2025. The prosecutor's report/penitentiary synopsis filed on the same day stated as follows:

3

On the date alleged, the Defendant failed to pay his restitution, fines and fees as ordered. The Defendant was given numerous opportunities to make payments and did not. This was a violation of the terms and conditions of his suspended sentence.

Smith timely filed his notice of appeal on March 17.

## II. *Standard of Review*

Because this is a no-merit appeal, Rule 4-3(b)(1) requires the argument section of the brief to contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions[,] and requests . . . with an explanation as to why each . . . is not a meritorious ground for reversal." The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Thompson v. State*, 2025 Ark. App. 361 (citing *Harvey v. State*, 2022 Ark. App. 283, 646 S.W.3d 292). Pursuant to *Anders*, this court is required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Id.*

## III. *Discussion*

Smith's counsel identifies the adverse rulings as follows: (1) the revocation of his SIS; (2) the circuit court's imposition of his sentence; (3) the court's overruling an objection to the introduction of a sentencing order showing that Smith had pled guilty to terroristic threatening in Logan County on April 1, 2022; and (4) the court's denial of Smith's request for a thirty-day continuance to allow additional time to pay.

4

## A. Revocation of SIS

In revocation proceedings, the State has the burden of proving by a preponderance of the evidence that a defendant violated the terms of his or her SIS as alleged in the revocation petition, and this court will not reverse the circuit court's decision to revoke a suspended sentence unless it is clearly against the preponderance of the evidence. *Mathis v. State*, 2021 Ark. App. 49, 616 S.W.3d 274. The State need only show that the appellant committed one violation to sustain a revocation. *Id.*; *see also* Ark. Code Ann. § 16-93-308(d) (Supp. 2025). Because the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, appellate courts defer to the circuit court's superior position for assessing these factors. *Thompson*, *supra*.

In his no-merit brief, counsel accurately explains that there can be no meritorious challenge to the sufficiency of the evidence supporting Smith's revocation. In this case, the court was correct in finding by a preponderance of the evidence that Smith violated the terms and conditions of his SIS by failing to pay his restitution, fines, and fees as ordered.

At the March 6, 2025 hearing, the State introduced a pay ledger showing Smith's payments. Because this was only a sentencing hearing, Smith stipulated to the fact that he had failed to make payments toward his restitution, fines, fees, and costs. The circuit court properly found that Smith was given numerous opportunities to make payments and did not.

B. Imposition of Sentence on Revocation

At the revocation hearing, the circuit court imposed a sentence of five years in the ADC with one year suspended for violating the terms and conditions of the SIS. The sentence was imposed as a result of the Class D felony, second-degree battery. Under the Code, the sentence for a Class D felony shall not exceed six years. Ark. Code Ann. § 5-4-401(a)(5) (Repl. 2024). All sentences were less than six years. It is the circuit court's function to impose a sentence, and it is the circuit court's obligation to exercise its discretion in the imposition of that sentence. *See Ludwick v. State*, 2021 Ark. App. 347, 635 S.W.3d 330. This standard of review is a high threshold, and it requires that a circuit court not act improvidently, thoughtlessly, or without due consideration. *See, e.g.*, *Hoodenpyle v. State*, 2013 Ark. App. 375, 428 S.W.3d 547. The circuit court did not abuse its discretion in sentencing Smith within the statutory guidelines.

C. Objection to Introducing Sentencing Order Showing That Smith
Pled Guilty to Terroristic Threatening in Logan County on April 1, 2022

During the hearing, Smith objected to the State's introduction of a sentencing order showing that the Smith pled guilty to terroristic threatening in Logan County on April 1, 2022. Counsel argued that terroristic threatening was not a part of the revocation petition. The State pointed out that this was only a sentencing hearing, and the evidence was to show

an aggravating factor. The circuit court admitted the evidence, noting that it did not know how much weight the exhibit would be given.

The rules of evidence do not apply in revocation proceedings, and an alleged violation of the rules of evidence cannot form the basis for exclusion of evidence at a revocation hearing. *See, e.g.*, *Foster v. State*, 2023 Ark. App. 157, 661 S.W.3d 743; Ark. R. Evid. 1101(b)(3) (2024). Accordingly, the court did not err in admitting the evidence of the guilty plea.

### D. Denial of Smith's Request for a Continuance of Thirty Days to Allow Additional Time to Pay

In his no-merit brief, Smith's counsel argued that Smith had begun making payments and asked for a continuance of another sixty days to give him a chance to continue making payments. The circuit court denied the request and stated that it had been abundantly gracious.

A circuit court's decision to grant or deny a continuance will not be reversed absent an abuse of discretion amounting to a denial of justice. *Dye v. State*, 2019 Ark. App. 234, 576 S.W.3d 73. The record showed that Smith had been given numerous chances to make payments, but he failed to do so. The circuit court did not err in denying Smith's request for a continuance.

### IV. *Conclusion*

Accordingly, from our review of the record and the brief presented to us, we find compliance with Rule 4-3(b); there is no issue of arguable merit to appeal. We affirm the

revocation of Smith's probation in case No. 66FCR-14-989 and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

KLAPPENBACH, C.J., and BROWN, J., agree.

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellant.

One brief only.