Cite as 2026 Ark. App. 89

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-25-315

| | | |
|---|---|---|
| LORRI O. FRIAR | | Opinion Delivered February 11, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT |
| V. | | [NO. 16JCR-23-655] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE SCOTT A. ELLINGTON, JUDGE |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**STEPHANIE POTTER BARRETT, Judge**

This is a no-merit appeal filed on behalf of Lori Friar following the Craighead County Circuit Court's revocation of her probation and suspended imposition of sentence ("SIS"). Friar was sentenced to twenty years' imprisonment in the Arkansas Division of Correction. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(b) of the Rules of the Arkansas Supreme Court and Court of Appeals, Friar's counsel has filed a no-merit brief and a motion to withdraw asserting there are no issues or arguable merit to raise on appeal. The clerk of this court provided Friar with a copy of her counsel's brief and notified her of her right to file a pro se statement of points for reversal, which Friar has done. We affirm the revocation and grant counsel's motion to withdraw.

## I. *Facts and Procedural History*

Friar's probationary and suspended sentences stemmed from four separate cases in the Craighead County Circuit Court. On October 23, 2019, in case number 16JCR-18-655, Friar pleaded guilty to theft by receiving and possession of methamphetamine. She was sentenced to seventy-two months' probation on the theft charge, with an SIS on the possession charge for the same period. On February 28, 2020, Friar pleaded guilty to theft by receiving, and the circuit court suspended imposition of her sentence for a seventy-two-month period in case number 16JCR-19-1301. That same day, Friar pleaded guilty in a separate case, 16JCR-20-173, to another theft-by-receiving charge, for which she was sentenced to two years' imprisonment followed by a four-year SIS. On April 30, 2024, Friar pleaded guilty to theft by receiving and possession of drug paraphernalia and received a sixty-month SIS on each charge in case number 16JCR-23-727. Friar, who was determined to be indigent, was represented by a public defender at each of the above proceedings.

On September 30, 2024, the State filed petitions to revoke Friar's probation and suspended sentences, alleging that she had violated her suspended sentences in the previous four cases by being convicted of a new charge in case number 16JCR-23-727 and failing to pay the fines and fees owed in her previous cases. On February 6, 2025, a revocation hearing was held. At the beginning of the hearing, Friar informed the circuit court she was "not satisfied" with her public defender and requested that she be allowed to hire a new attorney. Friar did not provide the name of the attorney she wanted to hire, nor did she assert she had the funds to hire a private attorney. The circuit court denied Friar's request, stating Friar

2

had known about the scheduled hearing, and any request for new counsel was seen as an attempt to delay or postpone the hearing.

Matthew Downs, a Walmart asset-protection employee, testified on behalf of the State. Downs testified that on September 16, 2024, he saw Friar, on camera, take a toolbox from a shelf in the store, walk toward the service desk, and ask for a refund. Downs testified Friar then walked out of the store with the toolbox without paying for it and got into the passenger seat of a red truck. Downs called the police and provided a description of Friar and the vehicle she was in. Downs testified that after the police arrived, Friar was arrested, and the toolbox recovered. However, Downs contacted the police again after seeing a pipe on the ground where Friar had been standing before the officers escorted her off the premises.

Officer Jacob Lowery with the Jonesboro Police Department testified he was on patrol when he received a shoplifting complaint from Walmart. Upon his arrival, he made contact with Downs, who provided a theft report. Officer Lowery testified another officer made contact with Friar outside the store and brought her back inside the loss-prevention office at Walmart, where he made contact with her. Officer Lowery testified he heard Downs tell Friar she was banned from Walmart, and then Friar was transported to the jail by a different officer. Officer Lowery testified that immediately after he left Walmart, he was redispatched to the store after staff informed him they had found contraband where Friar had been standing. Officer Lowery retrieved the contraband and noted it appeared to a be a green glass pipe with white residue consistent with methamphetamine use.

3

Next, Officer Nathan Smith, also a patrolman with the Jonesboro Police Department, testified he responded to Walmart alongside Officer Lowery. Officer Smith made contact with Friar while she was inside the red truck sitting in the passenger seat. During the encounter, Officer Smith saw the toolbox inside the vehicle. Officer Smith had Friar step out of the truck, and he placed her under arrest. He then took Friar back inside the store so the loss-prevention officer could finish his report and then transported her to the jail.

Next, Becky Mahan, the fine and fee collector at the Craighead County Sheriff's Department, testified as the final witness for the State. Mahan testified that she set up a payment plan for Friar to pay toward her $4,600 balance. However, Friar had not made any payments toward her fines and fees.

Friar moved for a directed verdict at the close of the State's evidence. The circuit court granted Friar's motion regarding the meth pipe but denied the motion as to the theft of the toolbox and nonpayment of fines and fees. Friar then testified on her own behalf. Friar stated she is thirty-two years old, has custody of her six children, is a below-the-knee amputee, and supports herself and her children with her monthly disability check. Friar said she is unable to pay toward her fines and fees and admitted she had taken a toolbox from Walmart and attempted to return it for money.

At the conclusion of the hearing, the circuit court ruled that Friar had inexcusably violated the conditions of her probation and suspended sentences by being convicted of a new charge in case number 16JCR-23-727 and failing to pay the fines and fees owed in her

4

previous cases. The circuit court revoked Friar's probation and suspended sentences and sentenced her to serve consecutive prison sentences totaling twenty years.

II. *Discussion*

Because this is a no-merit appeal, Rule 4-3(b) requires the argument section of the brief to contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions[,] and requests . . . with an explanation as to why each . . . is not a meritorious ground for reversal." The requirement for briefing every adverse ruling ensures that the due process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Harvey v. State*, 2022 Ark. App. 283, at 5, 646 S.W.3d 292, 295. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Id.*

Friar's counsel maintains there are no adverse rulings other than (1) the sufficiency of the evidence supporting the revocation of Friar's probation and SIS; and (2) the circuit court's order that Friar's sentences in the Arkansas Division of Correction run consecutively.

In revocation proceedings, the State has the burden of proving by a preponderance of the evidence that a defendant violated the terms of his or her suspended sentence as alleged in the revocation petition, and we will not reverse the circuit court's decision to revoke a suspended sentence unless it is clearly against the preponderance of the evidence. *Mathis v. State*, 2021 Ark. App. 49, 616 S.W.3d 274. The State need only show that the appellant committed one violation to sustain a revocation. *Id.*; *see also* Ark. Code Ann. § 16-

5

93-308(d) (Supp. 2025). Because the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, appellate courts defer to the circuit court's superior position for assessing these factors. *Brown v. State*, 2014 Ark. App. 612.

In his no merit brief, counsel for Friar accurately states there can be no meritorious challenge to the sufficiency of the evidence supporting revocation. The conditions of Friar's probationary sentences in each case included to live a law-abiding life; be of good behavior; not violate state, federal, or municipal laws; and pay for restitution, fines, and court costs. The State's petitions to revoke Friar's probationary sentences were based on failure to live a law-abiding life; be of good behavior; not violate any state, federal, or municipal laws; and pay fines, costs, restitution, and fees as directed.

During the revocation hearing, testimony from several witnesses established the following: Friar was seen taking a toolbox from Walmart without paying for it; Friar had a payment plan with the sheriff's office and had not paid toward any of her fines and fees; and Friar herself testified and admitted she had taken a toolbox and attempted to return it for money. Any one of these violations, alone, supports the revocation decision made by the court. *See Gonzalez v. State*, 2020 Ark. App. 219, 599 S.W.3d 341. Given the quantity and character of the State's evidence, we agree that Friar has no arguable claim to raise regarding the circuit court's finding that she violated the conditions of her probation and SIS.

A circuit court has multiple sentencing options after a defendant has been found to have violated the conditions of her probation or SIS in a revocation proceeding, including

revoking the defendant's sentence and imposing any sentence that might have been imposed originally for the offense of which the defendant was found guilty. Ark. Code Ann. § 16-93-308(g)(1).

The six crimes for which Friar received probation/SIS were Class D and Class C felonies. A Class C felony carries a range of punishment of three to ten years in the Arkansas Division of Correction, *see* Ark. Code Ann. § 5-4-401(a)(5) (Repl. 2024), and a fine of up to $10,000. *See* Ark. Code Ann. § 5-4-201(a)(2) (Repl. 2024). A Class D felony carries a range of punishment of zero to six years in the Arkansas Division of Correction, *see* Ark. Code Ann. § 5-4-401(a)(5), and a fine of up to $10,000. *See* Ark. Code Ann. § 5-4-201(a)(2). The sentences imposed by the circuit court were within the permitted statutory range. The circuit court sentenced Friar to a total of twenty years, with some of her sentences running consecutively. The circuit court is permitted to order that multiple sentences of imprisonment for multiple offenses run consecutively, including those from which an SIS has been revoked. *See Thompson v. Payne*, 2021 Ark. 117, at 3, 623 S.W.3d 115, 117. Because this sentence is within the range of punishment available, the circuit court's decision to order that the sentences run consecutively was not clearly against the preponderance of the evidence and provides no meritorious grounds for reversal.

Additionally, the question of whether sentences should run consecutively or concurrently lies within the sole province of the circuit court. *Teague v. State*, 328 Ark. 724, 946 S.W.2d 670 (1997). The appellant assumes a heavy burden of demonstrating that the circuit court failed to give due consideration to the exercise of its discretion in the matter of

7

consecutive sentences. *Id.* We will remand for resentencing when it is apparent the circuit court did not exercise its discretion. *Id.* It was within the circuit court's sole discretion to decide whether Friar's sentences should run consecutively or concurrently. It is evident that the circuit court exercised its discretion in that regard because it stated on the record that it was the court's intention to run some of the sentences consecutively, with others to run concurrently. Because the circuit court exercised its discretion, there could be no meritorious argument with respect to its sentencing decision. *See Teague*, *supra.* The record before us demonstrates there are no other adverse rulings that would provide grounds for reversal.

Friar filed a pro-se point for this court's consideration, asserting the circuit court erred in denying her the right to fire her public defender because he didn't fight for her. A circuit court retains broad discretion to grant or deny a continuance for purposes of obtaining new counsel. *Brewer v. State*, 2017 Ark. App. 335, at 4, 525 S.W.3d 24, 26. Once competent counsel has been obtained, any request for a change in counsel must be balanced against the public's interest in the prompt dispensation of justice. *Raino v. State*, 2021 Ark. App. 331, at 8. A circuit court's denial of a continuance request will not be overturned absent a showing of abuse of that discretion. *Id.* at 6. An abuse of discretion occurs only when the circuit court acts improvidently, thoughtlessly, or without due consideration. *Brewer*, 2017 Ark. App. 335, at 5, 525 S.W.3d at 27. And even if the circuit court abused its discretion, an appellant must also demonstrate prejudice amounting to a denial of justice. *Raino*, 2021 Ark. App. 331, at 8.

Here, Friar waited until the day of the revocation hearing to request new counsel. Last-minute continuances tread on the rights of parties and the demands of a court's calendar. *Liggins v. State*, 2015 Ark. App. 321, at 7, 463 S.W.3d 331, 336. Friar's explanation—that she just wasn't satisfied—is not persuasive. Friar did not identify counsel whom she wished to hire, nor did she identify any large grievance committed by her public defender to provide sufficient cause to grant her request.

From our review of the record and the brief presented to us, we find that counsel has complied with *Anders* and Rule 4-3 and hold that the appeal is without merit. Accordingly, we affirm the revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

ABRAMSON and GLADWIN, JJ., agree.

*R.T. Starken*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.